## A. MANGOLD ET AL. *v.* H. H. BARLOW.

1. REGISTRY LAW.　*Lodging deed for record.　Mistake in recording.*
   A grantee fully acquits himself of all duty imposed on him by law when he *lodges* his deed with the proper officer for record, and his deed must prevail although a mistake is made by the clerk in recording it.

2. SAME.　*Subsequent purchasers.*
   For any error in recording by which a subsequent purchaser is mislead and injured he must look to the clerk for redress, and cannot throw the loss on the first grantee, who, having done all he was required to do, should not suffer for negligence of the clerk.

3. SAME.　*Filing for record.　Notice.*
   From the time a deed is lodged with the proper officer for record, it becomes notice to subsequent purchasers and creditors of what it contains and not of what the recording officer may make it show on the record.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Ballou and wife executed a deed of trust to Faler & Co. on 19th of February, 1877, on the land in controversy, and on that day it

38

was lodged with the clerk of the chancery court for record. It was recorded but the *clerk* misdescribed the land, giving a different quarter section from that described in the deed. Three years afterward the *same grantors* executed a deed of trust on the same land to H. H. Barlow, appellee, which was duly recorded on the day of its execution, 27th of January, 1880. There was no actual notice of the first deed or anything to put the last grantee on inquiry. In a contest between the prior and subsequent grantees the court below rendered judgment for the latter, and from this judgment an appeal is taken.

*Calhoon & Green,* for the appellants.

Ours was the first deed of trust and correctly described the lands, and was duly filed for record three years before that to secure Barlow was executed; but the clerk bungled in recording it so that the book of registry showed other lands though *in the proper sections.* The single question presented is whether, as soon as the deed is recorded, that record alone constitutes the constructive notice contemplated by the statute, entirely from the moment of its record annulling and rendering vain that clause making the notice date from the *filing for record.* We take the negative, and say that the statute fixes the *filing* for record as constructive notice, and that the courts should not construe it into nothingness, and that the remedy is for damages against the bungling clerk.

Let us examine the statutes: None required recording as constructive notice. It is a pregnant fact that no law makes *recording* notice. Code 1871, § 2302, fixes the *lodging with the clerk* to be recorded. So does Ib., § 2303; so does Ib., § 2304; so does Ib., § 2306, substituting " delivered " for " lodged," as does § 2307. In another article under the caption " clerk's duty in recording," § 2318, the clerk is required to enter the deeds " word for word in a fair handwriting," and § 2321 provides a penalty for failure and for " damages " at the suit of " the party injured." Here then we have the filing for record as the prerequisite and the only one, the direction to the clerk to record, and a penalty for neglect. It is not competent for words to be plainer, and an interpolation would not be *construction* but *legislation.* Constructive notice is a substitute for

livery of seizin, it is true, but the legislature had the power to make any substitute for it, and they fixed on the lodging for record. Shall the courts fix another? The authorities in different States conflict. For a collection of them *pro* and *con* see Wade on Notice, top pages 70, 71, 72 *et seq.* But we have our own statutes to construe, and, without making a new law, how can we say that the lodging for record is good constructive notice but shall only be such until the deed is recorded, when the record alone shall furnish the notice? The law does not say so. There is nothing in the law requiring the depositor to examine to see if the record is correct. Who should suffer by the error? The buyer, of course, who has his remedy against the clerk. This cannot be assimilated to judgment liens, for, as to them, the statute fixes the *enrollment* as the determining fact. *Kilpatrick* v. *Kilpatrick*, 23 Miss. 124, has no application. There the deed itself was wrong. It and not the record contained the error. We respectfully submit that if the law as plainly written is to govern, and not any reasoning on what the law ought to be, this case should be reversed. The statute is too plain to need construction.

*W. P. & J. B. Harris*, for the appellee.

The case is governed by the Code of 1871. There is nothing to show that the clerk did not record the first deed "without delay," or that it was not immediately thereafter withdrawn by the grantee. It was never contemplated. by the statute that the filing for record should in all times serve as the constructive notice to incumbrances and purchases. It contemplated that the record should perform some office. The clerk is directed to record "without delay" in a book, and this book is to have an index as a guide to it. It is evident that when the statute says the deed shall take effect from the time of filing, it means that when recorded it shall relate back, so as to cut out intervening purchasers who may have procured their deeds to be first recorded. And if the deed filed is to have the effect of a recorded deed, it is only during the interval between the filing and recording. While it may be true that the object of the registry laws was to prevent persons from buying lands already conveyed, and in this view beneficial to subsequent purchasers, it

| Conclusion of the briefs. | Commencement of the opinion. |
| --- | --- |

is essentially beneficial to the prior grantee, for without the registry he may lose the land by act of the grantor. He is as much benefited as the creditor whose judgment is deprived of its lien by the failure of the clerk to enroll it, and in that case he *does all* the law *requires* of him *when* he files his abstract with the clerk. It was never intended that the purchaser, after examining the deed-book, should also search the files of the clerk's office on the supposition of the bare possibility that there may be a deed not recorded and on file, *especially after so long a lapse of time.* Suppose, in this case, a search had been made and no deed found. It may be said that the registry acts are in derogation of the common law and must be construed strictly for the first purchaser. Registry has been substituted for " livery of seizin" and the common law is plainly altered. It may also be said that constructive notice is in derogation of the common law, and that requirement should be rigidly construed in favor of those affected by it. There is much diversity of opinion in the courts on the point, but we submit that our view is supported by the best reason and authority. *Sawyer* v. *Adams,* 8 Vt. 172 ; *Sanger* v. *Craigue,* 10 Vt. 555 ; *Beekman* v. *Frost,* 18 Johnson 544 ; *Terrell* v. *Andrew County,* 44 Mo. 309 ; *Bishop* v. *Sneider,* 46 Mo. 472 ; *Pringle* v. *Dunn,* 37 Wis. 449 ; *Bernard* v. *Campau,* 29 Mich. 162 ; 50 Ga. 327 ; 1 Swan (Tenn.) 396. The enrollment of judgments has for its object the same thing. Notice to purchasers and subsequent incumbrances and the fault of the ministerial officer is held to be an injury to the judgment creditor.

CAMPBELL, C. J., delivered the opinion of the court.

The question is, who shall suffer loss from an error of the clerk in recording a deed duly acknowledged and lodged with him for record? Does the grantee acquit himself fully of all duty when he delivers the deed to the proper officer for record, or is it his duty to see that the instrument is properly recorded? And if a mistake is made in recording by which a subsequent grantee is misled and injured, whose claim shall prevail, that of the first grantee, who relied on the officer to do his duty, or of the second grantee, who, in

the faith that the record is true, acts upon it? Shall the deed prevail or the record of it? There is great contrariety of opinion on this subject in other States. The courts of New York, Ohio, Vermont, Michigan, Iowa, Wisconsin, Minnesota, Georgia, Tennessee, Missouri, and California hold that subsequent purchasers are bound only by what the record shows, while those of Alabama, Illinois, Pennsylvania, Connecticut, Rhode Island, Virginia, and Texas hold that a grantee who lodges the deed for record has done all that is required of him, and that the deed must prevail although a mistake is made in recording it ; that from the time of its delivery to the proper officer for record it is considered as recorded, and for any error in recording by which a subsequent purchaser is misled and injured, he must look to the clerk for redress and cannot throw the loss on the first grantee, who did all he was required to do and should not suffer from the negligence of the clerk. The decided weight of authority seems to be in favor of the view that the record may be relied on by a subsequent purchaser, and that he cannot be affected by a deed not truly recorded. *Frost* v. *Beekman,* 1 Johns. Ch. 288 ; *Beekman* v. *Frost,* 18 Johnson 544 ; *Barnard* v. *Campau,* 29 Mich. 162 ; *Sawyer* v. *Adams,* 8 Vt. 172 ; *Sanger* v. *Craigue,* 10 Vt. 555 ; *Terrell* v. *Andrew Co.,* 44 Mo. 309 ; *Lally* v. *Holland,* 1 Swan 396 ; *Baldwin* v. *Marshall,* 2 Humph. 116 ; *Chamberlain* v. *Bell,* 7 Cal. 292 ; *Shepherd* v. *Burkhalter,* 13 Ga. 443 ; *Meller* v. *Bradford,* 12 Iowa 14 ; *Brydon* v. *Campbell,* 40 Md. 331 ; *Pringle* v. *Dunn,* 37 Wis. 449. For the other view, are *Franklin* v. *Cannon,* 1 Root 500 ; *Judd* v. *Woodruff,* 2 Root 298 ; *McGregor* v. *Hall,* 3 Stewt. 397 ; *Mines* v. *Mines,* 35 Ala. 23 ; *Nichols* v. *Reynolds,* 1 R. I. 30 ; *Merrick* v. *Wallace,* 19 Ill. 486 ; *Throckmorton* v. *Price,* 28 Texas 605 ; *Glading* v. *Frick,* 88 Pa. St. 460 ; *Clader* v. *Thomas,* 89 Pa. St. 343 ; *Beverly* v. *Ellis,* 1 Rand. 102. After the most careful consideration we range ourselves with the minority, and hold that a grantee fully acquits himself of all duty imposed by law when he lodges the instrument with the proper officer for record, and from that time it is notice to subsequent purchasers and creditors of what it contains, and not of what the recording officers may make it to show on the

record. The clerk is not the agent of the grantee and he is not responsible for his blunders. He has as much right to rely on the fidelity of the officer as has a subsequent purchaser. While his deed is in the clerk's office it shows its contents, and when it is withdrawn from the office it has annexed a certificate by the officer that it has been duly recorded. Either this may be relied on, or the grantee must compare the deed with the record to see if it is truly transcribed. This would be an unreasonable requirement. The first grantee having done all that he is required to do to give notice of the instrument may safely repose on the presumption that the recording officer has done his duty, and if subsequent purchasers or creditors suffer injury from official negligence or misconduct, they must seek redress from the party at fault, and cannot visit the loss on him who has done no wrong. In announcing this view we follow the language of our statute and the rule most consonant with justice and sound policy. The statutes declare that certain instruments shall be "void as to all creditors and subsequent purchasers for valuable consideration, without notice, *unless they shall be acknowledged or proved and lodged with the clerk of the chancery court of the proper county to be recorded.*" The grantee is not required to record the instrument or to see that the officer does his duty. All that is imposed on the grantee is that the instrument shall be acknowledged or proved and lodged with the clerk of the chancery court of the proper county. There his duty ends. That done, his deed is not to be void as to subsequent purchasers or creditors. That is a performance of the condition without which it would be void, and the condition having been performed the instrument is discharged of all conditions and is thenceforth valid as to all. The State has established depositories for instruments to be recorded and has prescribed the duties of recording officers. This is for the benefit and protection of subsequent purchasers from a grantor and his creditors. A grantee must have his deed put in condition for being recorded and must lodge it at the proper place for record. That is all that is required of him. He is not a guarantor of compliance by the recording officer with the law as to recording. It is not for his benefit that the recording is to be done,

but for others.   The State has undertaken to have the recording done, and if one suffers from the negligence of the officer he must seek redress from the officer.

*The judgment of the circuit court is reversed and the cause remanded for a new trial.*