GRIFFIN LUMBER COMPANY *v.* NATHAN M. MYER.

EVIDENCE. *Promissory note. Internal revenue stamp. Admissibility. State court. Constitutional law. Sup. Rev. Stat. U. S.,* 1892–1899, *vol.* 2, *p.* 792.

It is not within the power of the federal congress to establish rules for the administration of justice in state courts, and such courts are not bound by the act of Congress (June 13, 1898), providing that promissory notes shall not be admissible in evidence until the internal revenue stamp prescribed by said act shall be affixed thereto.

FROM the circuit court of Perry county.

HON. JOHN R. ENOCHS, Judge.

Myer, appellee, was plaintiff, and the lumber company, appellant, was defendant in the court below.

The opinion states the case.

*Hall & Leavett,* for appellant.

Being without the internal revenue stamp prescribed by the act of Congress of June 13, 1898, the note sued on was by the provisions of that act inadmissible in evidence.

*K. McInnis* and *Alexander & Alexander,* for the appellee.

The act of Congress relied on by the appellant did not and could not make a rule of evidence for the state court. *Davis* v. *Richardson,* 45 Miss., 499 (48 L. R. A., 305, note) ; *Small* v. *Slocumb,* 112 Ga., 279. As there was no offer to show that the omission to affix the stamp was fraudulent there is no room for citing *Waterbury* v. *McMillan,* 46 Miss., 635, and *Randel* v. *Yates,* 48 *Ib.,* 685.

TERRAL, J., delivered the opinion.

Appellee, Myer, sued the Griffin Lumber Company on a promissory note for the payment of $289.12, of date March 14, 1900. On the trial of the case in the circuit court Myer offered the note in evidence, and its admission in evidence was opposed because it had no United States internal revenue stamp attached to it. The objection was overruled, and the note admitted in evidence, which admission of the note in evidence is the only complaint here made. Many state courts have held that congress, in declaring that unstamped instruments should not be admitted in evidence, did not intend to include state courts in such prohibition; and many others have expressed grave doubts whether congress, even if it so intended, could enact rules of evidence for state courts. It is not questioned but that the federal congress may levy and collect taxes at its sovereign pleasure, and enforce their collection with the utmost rigidity; but it is not within its power to prescribe rules for the administration of justice in the state courts. The manner of the proof, and the effect thereof, in all the courts of the several states of the Union, of the public acts, records, and judicial proceedings of each state, is, by sec. 1, art. 4, of the constitution, expressly confided to congress, and this grant of power excludes the idea of such authority being vested in congress in other cases. In *Davis* v. *Richardson,* 45 Miss., 499 (7 Am. Rep., 732), Justice Simrall said: "It [congress] cannot make a deed or a promissory note that which it is not by

the local law.   Nor can it superadd formalities and terms not demanded by the local law.   To hold to the affirmative would be to conduct to the result that congress may repeal or amend state laws pertaining to subjects purely local and domestic." We refer further to *Knox* v. *Rossi,* 25 Nev., 96 (57 Pac., 179), and the recent learned and exhaustive note in Ash, Annot. Int. Rev. Laws, 380, *et seq.,* and 48 L. R. A., 305-320.   Until it shall be decided otherwise by the supreme court of the United States, we adhere to *Davis* v. *Richardson.*

*Affirmed.*