SOWELL v. RANKIN ET AL.

[82 South. 317, Division A. No. 20708.]

1. DEEDS. *Internal revenue. States. Recording deeds. Internal revenue stamps.*

The formalities to be observed in the making and recording of a deed to real property is a matter of regulation by the state in which the property is situated, and not by the general government, so that the United States Internal Revenue Law providing that unstamped instruments of writing shall be invalid and not subject to record have no application thereto.

2. VENDOR AND PURCHASER. *Recording. Effect of failure to mark deed filed.*

That the clerk failed to mark a deed filed when it was lodged with him for record is not material, for constructive notice of the making of a deed begins the moment it is lodged with the proper officer for record.

APPEAL from the chancery court of Simpson county. HON G. G. LYELL, Special Chancellor.

Suit for injunction by C. R. Rankin and another against T. J. Sowell and another as sheriff to enjoin them from selling certain propery. From an order of the chancellor sustaining the injunction and making it perpetual, defendant, T. J. Sowell, appeals.

On December 15, 1915, one J. W. Rankin, being then indebted to appellant, T. J. Sowell, conveyed his property, consisting of lands, to his father, C. R. Rankin. The deed was sent by mail by J. W. Rankin to the chancery clerk of Simpson county, where the land was situated, for recording. But the deed, having no revenue stamp upon it, was not filed by the clerk, or recorded at that time. The clerk, however, wrote to Rankin, calling his attention to the fact that he could not file or record the deed unless there was a revenue stamp affixed on it. Rankin wrote back to the clerk to attach a stamp, but it seems that no revenue stamp was attached, and the deed was not filed for record or recorded until March 28, 1916.

In the meantime, appellant, T. J. Sowell, had obtained judgment against J. W. Rankin, the grantor of the deed, in the circuit court of Simpson county, having no actual notice or anything to put him upon inquiry of the deed of J. W. Rankin to his father, C. R. Rankin. Shortly after T. J. Sowell had obtained his judgment, he caused execution to be issued upon the same, placed it in the hands of the sheriff, and it was by him levied upon the lands which had previously been deeded by J. W. Rankin to C. R. Rankin. Thereupon, J. W. Rankin and C. R. Rankin got out an injunction against T. J. Sowell, appellant, and the sheriff, enjoining them from selling the property. The case was tried before the chancery court of Simpson county, and resulted in the chancellor sustaining the injunction and making it perpetual, and from this decree T. J. Sowell appeals.

*Powell & Mayes,* for appellant.

There· are several questions which were thrashed out in the lower court, but we regard them as unimportant in the decision of this case.

The sole issue which we shall present is this: Does the fact that J. W. Rankin gave a deed to his father, C. R. Rankin, before our judgment was rendered, convey the title so as to prevent appellant from levying his execution, where the deed was never filed or recorded because no internal revenue stamp was placed thereon until after our judgment was rendered?

In the first place, we say that under the Internal Revenue Act of Congress, passed in 1914, the property being valued at one thousand dollars, it was necessary to have the deed stamped, and that it was a violation of the law to register the deed without the proper stamp. We quote from 4 Federal Statutes Annotated, section 11, page 290: "Issuing instruments mentioned in schedule A without stamping—penalty: That any person or persons who shall register, issue, sell or transfer, or who shall cause to be registered, issued, sold or transferred any instrument, document, paper of any kind or description whatsoever, mentioned in Schedule A. of this act, without the same being duly stamped or having thereupon an adhesive stamp for denoting the tax chargeable thereon, and cancelled in the manner required by law, with intent to evade the provisions of this Act, shall be deemed guilty of a misdemeanor."

The statute further provides: "That where it shall appear to said collector upon oath or otherwise, to his satisfaction, that any such instrument has not by reason of accident, mistake, inadvertence, or urgent necessity, and without any willful design to defraud the United States of the stamps, or to evade or delay the payment thereof, then and in such case, if such instrument, or, if the original be lost, a copy thereof, duly cer-

tified by the officer having charge of any records in which such original is required to be recorded, or otherwise duly proven to the satisfaction of the collector, shall, within twelve calendar months after the making or issuing thereof, be brought to the said collector of internal revenue, to be stamped, and the stamp tax chargeable thereupon shall be paid, it shall be lawful for the said collector to remit the penalty aforesaid and to cause such instrument to be duly stamped."

And further that: "In all cases where the party has not affixed the stamp required by law upon any such instrument issued, registered, sold or transferred at a time when and at a place where no collection district was established, it shall be lawful for him or them or any party having an interest therein, to affix the proper stamp thereto, or, if the original be lost, to a copy thereof. But no right acquired in good faith before the stamping of such instrument, or copy thereof, as herein provided, if such record be required by law, shall in any manner be affected by such stamping, as aforesaid."

By section 12 of this Act, found on page 291 of 4th Federal Statutes Annotated, we find: "Recording unstamped instruments prohibited—Tax on foreign bonds, etc.—That hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient, nor any copy thereof, shall be recorded until a legal stamp, or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law."

Under Section 13 of this Act, on page 293 we find: "Effect of recording instrument: That it shall not be lawful to record or register any instrument, paper or document required by law to be stamped unless a stamp or stamps of the proper amount shall have been affixed and cancelled in the manner prescribed by law."

It is true that this court, in the case of *Mangold* v. *Barlow*, 61 Miss. 593, which is cited with approval in the case of the *Bank of Lexington* v. *Cooper*, 115 Miss. 794, says: "The mortgagee is regarded as having discharged his entire duty when he has delivered his mortgage, properly executed and acknowledged, to the recording officer, and as being in the same attitude as if the deed were at that moment correctly spread upon the record book so that no error in transcription can deprive the deed of its operation as a record instrument, and subsequent purchasers are charged with constructive notice, notwithstanding the officer does not properly record the instrument."

In this case, we contend that the instrument was not properly executed until it was properly stamped as required by law, and consequently could not be recorded legally and not being able to be so recorded, was not notice to any creditor.

We contend that under this law the clerk would have violated the law if he had filed the deed or recorded it. We contend further that it is against public policy for any man to acquire any right where he has to support those rights by the perpertation of any illegal act. In this case, the clerk did not file the deed for record nor record it, because to do so would have made him criminally liable as well as as the grantor in the deed. Our rights had interevend before the deed was properly executed by being stamped and before it could be legally filed or recorded.

It is true that appellee in his answer charged that we had actual notice of the existence of the deed, but the court will find, upon an examination of the record that this is emphatically denied by appellant, and there is no testimony to establish the fact. In truth, this position seems to have been abandoned on the trial of the case in the court below.

For these reasons, we respectfully insist that the decree of the chancellor in the court below should be reversed and judgment here be awarded to the appellant.

*R. C. Russell,* for appellee.

The only question this record presents to the court for adjudication is whether or not the deed from J. W. Rankin to his father, C. R. Rankin, to the property involved in this controversy, not having the required revenue stamps affixed thereto, constituted notice when appellant obtained his judgment against J. W. Rankin.

It is contended by the counsel for appellant that this deed of conveyance, though lodged with the proper officer for record, was not notice, and was not a valid instrument because the required revenue stamp was not affixed thereto, and in this connection they cite in their brief various sections of the internal revenue act of Congress, none of which hold that the deed in question was inoperative, or did not constitute notice or that it cannot be lodged with the proper recording officer for record without the required revenue stamp, but provides only that it cannot be recorded or that if it is recorded, the recording officer would be violating his official duty under this act of Congress.

It is appellee's contention that all they had to do, under the law of Mississippi, was to acknowledge and lodge the deed in question with the proper recording officer for record, and we have been unable to find an intimation anywhere in this internal revenue act of Congress, that changes this rule. In fact it is our view that Congress could not change this rule.

The concluding clause in section 2784, Miss. Code 1906 reads as follows: "And be lodged with the clerk of the chancery court of the county in which the lands are situated, to be there recorded."

So under this section of our code, the deed did not have to be marked filed by the clerk to constitute notice. The moment it was lodged in the chancery clerks office for record, it became notice to all subsequent purchasers, and creditors, etc. It is to be observed by the reading of this section that the filing of the deed is not required to constitute notice. This court held in the cases of *Mangold* v. *Barlow,* 61 Miss. 593 and in *Bank of Lexington* v. *Cooper,* 113 Miss. 793: "That from the time a deed is lodged with the proper office for record, it becomes notice, etc., to all subsequent purchasers and creditors."

And to this same effect the supreme court of Florida held in the case of *Franklin Co.* v. *State ex rel. Patton et al.,* 3 So. 471: "That a paper is filed when it is delivered to the proper officer and received by him to be kept in his official custody. The usual filing marks are but one evidence of the filing."

An instrument is valid under the laws of our state whether it has the required revenue stamp affixed thereto or not, and is competent evidence in any court of our state as well as a majority of the other states of the union. The supreme court of Iowa, held in the cases of *Dorr Cattle Co.* v. *Des Moines National Bank,* 127 Iowa, 153 and 4 Am. & Eng. Ann. Cases, 519: "That in the absence of fraud, the failure to affix a revenue stamp does not affect the validity of a deed."

The supreme court of our own state held in the cases of *New Orleans, Jackson & Great Northern Railroad Co.* v. *Pressley Greer & Co.,* 45 Miss. 66: "That where the party offering in evidence and instrument required by any act of Congress to be stamped, upon objection made for want of a stamp, offers then to affix the requisite stamp, it is error to refuse permission to stamp it and read it in evidence."

Again our court held in the cases of *J. W. & B. B. Davis* v. *Richardson & May,* 45 Miss. 499: "That Con-

gress has not the power, under the constitution, to prescribe rules of evidence obligatory on state courts; and therefore instruments of evidence, admissable by the law of the state, may be read in evidence, without being stamped, while persons using them are amenable to the penalties prescribed by acts of Congress for failure to observe the requirements of the stamp act.''

So if an instrument required by act of Congress to have a revenue stamp affixed thereto, which is not done, is competent evidence, why shouldn't the same instrument constitute notice, when lodged with the proper recording officer in the manner prescribed by section 2784 of the Code 1906 "*supra*"? Our court held in the case of *Morris* v. *McMorris,* 44 Miss. 441: "That notes not stamped in accordance with revenue laws, may in the absence of fraud be stamped at the trial, and then given in evidence and the mere failure to stamp does not show fraudulent intent.

Validity and admissability in evidence of unstamped instruments.

The greater weight of authority holds, that omission to attach the required stamp to an instrument did not render it invalid or inadmissable in evidence, either in a federal or a state court, unless such omission was fraudulent or designed to evade the duty. This seems to be the uniform holding of all the courts both state and federal of this country. See 22 Cyc. 1619, article 2. To the same effect the court held in *Moore* v. *Moore,* 47 N. Y. 467-469; 7 Am. Rep. 466; 84 Am. St. Rep. 191, article 7: "That it is now a rule of universal application that a failure to attach an internal revenue stamp to an instrument required by act of Congress to be stamped, does not invalidate it.''

Admissability to record of unstamped instruments. It seems to be the unform holding of all the state that Congress cannot forbid the recording by the state officers of unstamped instruments. That the provision

in the revenue act-of Congress prohibiting the recording of any unstamped instrument applys only to federal officers.

This rule is announced in the 22 Cyc. 1621, article 4. The supreme court of New York held in the case of *People* v. *Fromme,* 35 N. Y. App. Div. 459, and 54 N. Y. Suppl. 883: "That a deed not stamped must be recorded by the county recorder, in the absence of any other objection to recording it."

It was also held in the cases of *Moore* v. *Quirk,* 105 Mass. 49, 7 Am. Rep. 499; *Stewart* v. *Hopkins,* 30 Ohio St. 505 and 84 Am. St. Rep. 193, Article 10: "That the provisions of the United States internal revenue statutes providing that unstamped instruments shall not be recorded, or, if recorded, the, record thereof shall be void, applies only to such instruments as are required to be recorded by the National Legislation, and to officers under national control. Such statutes do not, in any way, affect the recording of such instruments under state laws."

It is our contention that C. R. Rankin's rights should not be defeated on account of a seeming technicality, in view of the rules laid down in the authorities we have cited *supra.* The undisputed testimony of this record shows that the failure to stamp the deed in question was not fraudulent with intent to evade the act of Congress requiring that it should be stamped, but due to the facts that the recording officer was unable to obtain the required stamps for this deed. The deed remaining all this time in the hands of the clerk for record and appellees believing that it was stamped and recorded, and their rights fully preserved and in view of this fact how could it be against public policy to follow the uniform holding of practically all the courts that have passed on their particular point, and award C. R. Rankin the fruits of his own toil when he was guilty of no wrong, or laches; it is our contention

that C. R. Rankin is in law as well as in the court of equity, entitled as against appellant to have his deed to the property involved in this controversy upheld, and it is our contention that the decree of the chancellor, in the court below, should be affirmed.

*Hilton & Hilton,* for appellees.

We call the courts attention to the facts that at the time this deed was sent for recording, stamps could not be procured. The record shows that from the evidence of the chancery clerk, it was the prevailing custom that he would provide stamps for parties to record instruments, and that the reason that he did not immediately stamp and record this deed was because it was impossible to procure stamps, and that as soon as he did procure stamps, he stamped and recorded same. At this time C. R. Rankin could not procure the stamps and he depended upon the clerk, and sent the deed to the clerk with the request that he stamp the instrument and record same. Rankin did all he could, and we think this brings him within the purview of the announcement of *Maggold et al.* v. *H. H. Barlow,* 61 Miss. 593.

Where it was held that from the time the deed was lodged with the proper officer for recording, it became notice to all creditors of what it contains and not of what the recording officer makes it show on the record. It is conceded that the Federal government has the right to penalize anyone who fails to stamp instruments with the intent to evade federal stamp act.

But the courts have almost unamiously held that the Federal Government cannot invade the province of states and prescribe the rule of evidence for its courts, or restrict the power of the state legislators to say what shall be evidence of constructive notice. It will be noted that these federal statutes are all based upon the intent to evade the stamp act and fixes penalties for

an intentional evasion. We find the facts in this record to be that there has never been any intent on the part of Rankin to evade the federal act, but on the contrary he thought that the clerk had placed stamps on the instrument for him.

The whole structure of the recording of instruments and the constructive notice created by the statute when an instrument is filed with the clerk for recording, is a rule of evidence, it is simply providing a new ceremony for the old public ceremony of "livery of seizin" and the courts have unanimously held that the federal government cannot invade the province of a state in matters of this kind. See—*J. W. & J. B. Davis* v. *Richardson & May,* 45 Miss. 499.

The contention of counsel for appellant, that under the law the clerk would have committed a crime had he recorded the deed, and the rights of appellant intervened before the deed was properly executed, and the deed could not be executed until stamped, misses the whole Target. There is not a line or syllable in the whole federal stamp tax law forbidding the signing and delivering of an instrument conveying property, and there is no statute or decisions of any court, which holds that an instrument is not executed when it is signed and delivered as this deed was. This deed in addition to being properly executed was acknowledged, which entitled it to be filed with the chancery clerk for recording; and the federal statute only provides that if C. R. Rankin intended to evade the federal stamp act, he could be punished. For the federal statute to go beyond this is to attempt to do that which is beyond the power of Congress. It is our opinion that the decision of the chancellor in favor of appellee on these three points, and the decree of the lower court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The case presented to us by this record is correctly stated in the brief of counsel for the appellant, which statement the reporter will set out in full. The question presented to us for decision is stated by counsel for the appellant as follows:

"Does the fact that J. W. Rankin gave a deed to his father, C. R. Rankin, before our judgment was rendered, convey the title so as to prevent appellant from levying his execution, where the deed was never filed or recorded because no internal revenue stamp was placed thereon until after our judgment was rendered?"

The formalities to be observed in the making and recording of a deed to real property is a matter for regulation by the state in which the property is situated, and not by the general government, so that the United States internal revenue laws providing that unstamped instruments of writing shall be invalid and not subject to record have no application thereto. *Davis* v. *Richardson & May* 45 Miss. 499, 7 Am. Rep. 732; *Griffin Lumber Co.* v. *Myer,* 80 Miss. 435, 31 So. 787; note to *Garland* v. *Gaines,* 84 Am. St. Rep. 193.

That the clerk failed to mark the deed filed when it was lodged with him for record is not material, for constructive notice of the making of a deed begins the moment it is lodged with the proper officer for record. *Mangold* v. *Barlow,* 61 Miss. 593, 48 Am. Rep. 84; *Bank of Lexington* v. *Cooper,* 115 Miss. 782, 76 So. 659.

*Affirmed.*