BURTON et al. *v.* GIBBES et al.

In Banc. Oct. 25, 1948.

(37 So. (2d) 285)

L. F. Easterling and E. L. Shelton, for appellants.

**J. S. Rhodes,** for appellees, Gibbes and Sons.

Beverly C. Adams, for appellee, Federal Land Bank.

Ralph **B. Shanks** and **W. E. Morse,** for appellee, Hunt Oil Company.

**L. F. Easterling,** for appellants, in reply.

264

Roberds, J.

Burton and others, appellants, filed the bill in this proceeding against H. D. Gibbes, Jr., W. H. Gibbes, J. L. Gibbes, a partnership, and against the Federal Land Bank of New Orleans and the Hunt Oil Company. · General demurrers to the bill on behalf of the Land Bank and Hunt Oil Company were sustained in the lower court. The correctness of that ruling is presented on this appeal. Without going into detail, or elaboration, we find that the lower court was correct. In fact, appellants do not seriously take issue on that question on this appeal.

The Gibbes also filed a general demurrer, contending (1) the bill states no cause of action, (2) that no equity appears on the face thereof, but if a cause of action be stated, (3) it is barred by the three, six and ten year statutes of limitations.

This requires a summary of the allegations of fact in the bill in respect to the liability of the Gibbes.

It states that in the year 1922 the land in question, being approximately 118 acres located in Hinds County, Mississippi, was owned by Dock Burton and his wife Harriett; that Harriett died and her one-half interest was inherited by her husband Dock Burton, her son Bill and her daughter Estelle Burton Morgan; that on February 1, 1922, Dock Burton and the said two children executed a deed of trust to The Federal Land Bank of New Orleans to secure $2,000 payable in annual installments over a number of years. On October 8, 1924, Dock Burton conveyed his interest in the land to Bill Burton, and that on that date Bill and his wife went into possession of the land, and were in possession in 1926, when Bill executed to H. D. Gibbes and Sons a second deed of trust on the land to secure the sum of

$750, Gibbes and Sons being a supply merchant; that Rachael Burton, wife of Bill Burton, did not sign that trust deed. Bill and wife remained in such possession until the death of Bill June 20, 1929; that Bill Burton became insane in the early part of 1929, but notwithstanding that fact the Gibbes on March 6, 1929, procured from him another trust deed on the land, which also included considerable personal property; that Bill left as his heirs at law his wife Rachael, his son Bill, Jr., and two daughters, Amelia Thomas and Susie Burton Grafton. These three heirs, together with Estelle Morgan and husband, are the complainants in the bill.

The bill further states that after the execution of the trust deed in 1929 ''. . . the said Bill Burton made payments on said deed of trust and dealt with the said Gibbes and Sons as his merchant and adviser, the said H. D. Gibbes and Sons occupying towards him the position of a fiduciary''; Gibbes furnished to Bill Burton during his life, and after his death, furnished to Rachael money and supplies with which to make crops; that all of the cotton raised on the land was delivered each year to Gibbes, and that out of the proceeds of the sale of the cotton Gibbes paid all taxes on the land and the annual installments to the Land Bank. It then sets out the number of bales of cotton delivered to Gibbes each year for the foregoing purposes during 1930 to and including the year 1935, and that Gibbes ''continued to receive all the cotton raised from the said place from the crops raised thereon from the year 1935 to date.'' It is alleged on information and belief, ''. . . that the said H. D. Gibbes and Sons had and had collected from the said complainants sufficient money to pay the Federal Land Bank all of said installments and that it then and there became the duty of said H. D. Gibbes and Sons, who were then and had been for many years thereto acting as the fiduciary of these complainants in the management and operation of said farm, to pay the Federal Land Bank the said installment if and when the

same became due, but that the said H. D. Gibbes and Sons then and there contriving and intending to deprive complainants of their said property allowed the said installment due the Federal Land Bank for the year 1933 to become delinquent . . ." The bill also alleges "Complainants would further show that after the death of the said Bill Burton, the said H. D. Gibbes and Sons took charge of the said plantation and continued to operate the same for and on behalf of the said Rachael Burton and received all the crops and in 1934 wrongfully took charge of all the personal property, consisting of horses, mules, plows, tools, implements, a wagon, etc., and that the said Gibbes and Sons have been in the possession of said personal property in the managing, handling and controlling of said business and they have never accounted to complainants for the same or its value". The bill says that Gibbes and Sons wrongfully contrived to and did procure the foreclosure of the Land Bank deed of trust, and that the land sold thereunder September 1, 1934, and was purchased by the Land Bank for the sum of $1,500.00, and that the Land Bank, on January 17, 1935, conveyed the land to H. D. Gibbes, Jr., for a consideration of $2,600.00. The prayer of the bill, as to Gibbes, is for an accounting, and that H. D. Gibbes, Jr., be held to be a trustee of the lands for benefit of the complainants. They offer to pay any amount found to be owing by them.

It is also stated that Rachael resided on the land as her homestead until during the year 1938, when she was forced to remove therefrom because of ill health.

The demurrer, of course, admits the facts properly alleged in the bill. In our opinion it states a cause of action against Gibbes and Sons.

But it is contended that even so the right to recover is barred by the three, six and ten year statutes of limitations. The three and six year statutes have no application. Sections 729 and 722, Code 1942. The principal object of the bill is to set aside the deed from

the Land Bank to H. D. Gibbes, Jr., and hold Gibbes as trustee of the land for the benefit of complainants. The accounting feature is incident to that. Section 709, Code 1942, provides that "A person may not . . . commence an action to recover land but within ten years next after the time at which the right to . . . bring the action shall have first accrued to some person through whom he claims . . ." As against Gibbes the right of complainants to bring an action to recover the land accrued when he obtained a deed thereto. This suit was brought within ten years of that date.

This results in an affirmance and final judgment here as to The Federal Land Bank and The Hunt Oil Company and ▮ ▮ a reversal and remand as to Gibbes.

Affirmed as to The Federal Land Bank and The Hunt Oil Company, and reversed and remanded as to Gibbes.