AULTMAN, et al. *v.* KELLY, et al.

No. 41051        March 2, 1959        109 So. 2d 344

2

*R. L. Calhoun, Bruce C. Aultman,* Hattiesburg, for appellants.

*Lucien M. Gex, Walter J. Phillips, Dan M. Russell, Jr.,* Bay St. Louis, for appellees.

LEE, J.

Mrs. E. G. Kelly and others, the sole heirs of Raphael C. Cuevas, deceased, on June 21, 1956, filed their bill of complaint against H. D. Aultman and others to cancel a mineral deed to one-half of the oil, gas and other minerals in, on, and under, 240 acres of land in Hancock County, as described in a deed, executed on April 30,

1945, by Raphael C. Cuevas to Ferris E. Tate, filed for record on May 11, 1945, and subsequent conveyances resting thereon.

The bill charged that Cuevas, on November 7, 1944, suffered a paralytic stroke which left him physically unable to comprehend, understand or transact any business whatever; that Tate knew of such condition; that he represented to Cuevas that he desired to obtain only a commercial lease of minerals on the property; that Cuevas signed the lease; that Tate then presented to Cuevas another document and represented it to be merely a copy, saying that his company required him also to get a copy; that Cuevas, being unable to comprehend and understand the matter, and relying upon Tate's representation, signed the second document; that such document was neither a lease nor a copy, but was in fact an outright deed to one-half of the minerals; that since Cuevas was unable to contract, there was no meeting of the minds; that Cuevas, at no time prior to his death on July 22, 1945, realized that he had executed a deed to one-half of the minerals; and that he was induced to execute the same by fraud and deceit.

The bill further charged that James R. Scovill and H. D. Aultman acquired their interest from Tate by deed, dated December 12, 1955, and duly recorded; that R. L. Calhoun acquired his interest from Scovill and Aultman by deed, dated December 15, 1955, and duly recorded; that Joe Morris acquired his interest from Scovill and Aultman by deed, dated December 15, 1955, and duly recorded; and that L. P. Bush acquired his interest from Scovill and Aultman by deed, dated December 14, 1955, and duly recorded.

The bill also charged "That your complainants would further show that all of the said Respondents acquired their mineral interest in said land with full knowledge of all the facts set out herein and that they are charged with same."

The defendants, in their answer, set up five defenses; but the cause was heard on the first two, namely, a plea in bar under Secs. 709 and 710, Code of 1942, Recompiled, and that the complainants had been guilty of laches.

The court overruled the two pleas and granted the defendants an interlocutory appeal to settle the principles.

It is the contention of the appellants that, assuming that Raphael C. Cuevas, on April 30, 1945, when he made the conveyance to Ferris E. Tate, was incompetent, the deed was recorded on May 11, 1945, and the grantor therein died on July 22, 1945; that, upon the death of Cuevas, the lands in question descended to the appellees, and the recorded deed was constructive notice to them of the existence of Tate's claim and right to the mineral interests; that any claim, which they might assert thereto, accrued on the death of their father; that they were required, under Secs. 709 and 710, Code of 1942, Recompiled, to institute a suit thereon within ten years from the accrual of their claim; that they did not file their suit until June 21, 1956, more than ten years from the date of their father's death, that is, the date of the accrual of their claim; and that they are therefore barred.

The general rule is that statutes of limitation begin to run as soon as there is a cause of action. Tippin v. Coleman, 61 Miss. 516; Cooper v. Cooper, 61 Miss. 676; Milam v. Paxton, 160 Miss. 562, 134 So. 171; Burton v. Gibbes, 204 Miss. 248, 37 So. 2d 285; Krohn v. Dantzler Lumber Co., 208 Miss. 691, 45 So. 2d 276; Old Ladies Home Assn. v. Hall, 212 Miss. 67, 52 So. 2d 650; Thames v. Holcomb, (Miss.), 92 So. 2d 548. See also Forman v. Mississippi Publishers Corporation, 195 Miss. 90, 14 So. 2d 344, where it was held that ''A cause of action 'accrues' when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested * * *.''

In Thames v. Holcomb, supra, Clyde D. Holcomb by letter assured his brothers, Paul and Fred, that, if they would execute the deed to him so that he could "refinance the old place through the Federal Land Bank Commissioner," he would make each of the heirs a deed to one-ninth of the estate after he got the loan; and it was held that the cause of action of the heirs arose and accrued when the loan was made, that is, was consummated by the signing, acknowledgment and recordation of the deed of trust on April 30, 1934.

Section 709, supra, is as follows: "A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bring the same; *but if,* at the time at which the right of any person to make an entry or to bring an action to recover land shall have first accrued, *such person shall have been under the disability of infancy or unsoundness of mind, then such person or the person claiming through him may, notwithstanding the period of ten years hereinbefore limited shall have expired, make an entry or bring an action to recover the land at any time within ten years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under either disability, or shall have died, whichever shall have first happened; but when any person who shall be under either of the disabilities mentioned, at the time at which his right shall have first accrued, shall depart this life without having ceased to be under such disability, no time to make an entry or to bring an action to recover the land beyond the period of ten years next after the time at which such*

*person shall have died, shall be allowed, by reason of the disability of any other person."* (Emphasis supplied.)

The applicable part of Sec. 710, supra, is as follows: "A person claiming land in equity may not bring suit to recover the same but within the period during which, by virtue of the provisions hereinbefore contained, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such estate, interest, or right in or to the same as he shall claim therein equity; * * *."

Manifestly, if Cuevas had a cause of action, it accrued upon the execution of the deed, on April 30, 1945, or at least upon its recordation on May 11, 1945. If he was under legal disability until his death on July 22, 1945, the cause of action of his heirs-at-law did not arise until the happening of that event. See 9 Am. Jur., Cancellation of Instruments, Sec. 45, page 389 as follows: "A right to cancel a deed for fraud practiced on the grantor arises at the time when he discovers the fraud, and the statute applicable thereto runs against him and his heirs from that date. The statute of limitations begins to run against the claims of an heir to cancel the ancestor's deed made in fraud of the heir's rights, at the date of the ancestor's death, unless the heir has not yet attained his majority." In 2 A. L. R. 447 it is said that, in most cases, the right of action of heirs arises at the time of the ancestor's death.

When the cause of action arose, the heirs, whether they had any actual knowledge of the deed or not, had constructive knowledge thereof, because it had been recorded. "Constructive notice of the making of a deed begins the moment it is lodged with the proper officer for record." Sowell v. Rankin, 120 Miss. 458, 82 So. 317; Bank of Lexington v. Cooper, 115 Miss. 782, 76 So. 659; Mangold v. Barlow, 61 Miss. 593, 48 Am. Rep. 84. Besides, where the alleged fraudulent conveyance is recorded, the circumstances are public and

the means of finding out the character of the transactions are available. Consequently, the running of the Statute of limitation is not prevented. Fleming v. Grafton, 54 Miss. 79.

In Walley v. Hunt, 212 Miss. 294, 54 So. 2nd 393, Walley, on May 12, 1937, executed to George D. Hunt, trustee, what he thought was an oil lease on 160 acres of land. Later he found out that it was in fact a mineral deed for one-half of the minerals. Thereafter he filed a suit to cancel the same, and a decree to that effect was entered on April 15, 1941. Thereafter Hunt and his assistant executed mineral deeds on the land in question to other parties, which deeds were filed for record August 7, 1944 and January 16, 1946, and it was charged that this was done with malicious intent to injure Walley. The bill of complaint by Walley was filed on August 31, 1949. The special demurrer by Hunt set up that the cause of action was barred, under Sec. 732, Code of 1942, because it was not commenced within one year after the cause of action accrued. The court held that the cause of action accrued upon the filing of the deeds for record because those acts amounted to an assertion of a claim of ownership on their part, and a denial of Walley's ownership. Hence the plea in bar was properly sustained.

In King v. Childress, (Miss.), 100 So. 2d 578, Childress, on October 17, 1938, purchased from Mrs. King both a lease and one-half of the minerals on 535 acres of land for $535.00. In 1940, after discovering that the mineral conveyance was not filled out properly, Mrs. King executed another deed. Due to an error Childress was thereby vested with title to all of the minerals. When Childress discovered this error, he conveyed one-half of the minerals back to her without any request. Mrs. King filed a suit to cancel the mineral conveyance. But the trial court adjudged that the appellant had actual knowledge for ten years prior to the commencement of

the suit, or by the use of reasonable prudence would have had knowledge that the instrument she executed along with her husband on October 17, 1938, was in fact a mineral deed rather than a royalty deed, and that consequently her action was barred by the statute of limitations, and the bill of complaint was accordingly dismissed. That result was reached by the trial court in spite of the fact that it was said in the findings that the court had previously held that the mineral deed was obtained by fraud. This Court affirmed the action of the trial court in its refusal to cancel the mineral deed, but reversed the decree of the court in its refusal to confirm the appellees' title to one-half of the minerals, as prayed for in the cross-bill, and entered a decree here for them.

The appellees cite a number of cases, including Kennedy v. Sanders, 90 Miss. 524, 43 So. 913, Hooper v. Walker, 201 Miss. 158, 29 So. 2d 72; Walker v. Polk, 208 Miss. 389, 44 So. 2d 477; and Leech v. Masonite Corporation, 219 Miss. 176, 68 So. 2d 297.

In the first case, it was held that the true owners of the land, with a perfect paper title, which gave them the constructive possession of the land, did not, by the mere flight of ten years' time, lose their land in favor of a tax purchaser at a void sale, because such purchaser, never in adverse possession and with a void deed, had never been proceeded against by the true owners.

In the second case, the tax sale to the state was void because it was made on the wrong date. Patsy Ann Walker, the original owner, was in actual possession of the land at the time of the sale and when the suit was brought by the purchaser of a patent from the state to confirm his title; and it was held that she was not precluded from prevailing with her defense that the tax sale was void, under the two year limitation statute, although more than two years had elapsed since the tax sale. The reason for the conclusion was that she had remained in possession. The opinion cited Morgan v.

Hazlehurst Lodge, 53 Miss. 665, and Dingey v. Paxton, 60 Miss. 1038, to sustain that view.

In the third case, one of the issues was whether Polk, an alleged purchaser at a tax sale, met the burden of establishing his plea of ten years adverse possession, and the proof was held to be insufficient.

In the fourth case, the land was sold to the State in 1915. A forfeited tax patent was issued in 1948, but no entry was made by the State or anyone claiming under it until the patentee went upon the land and cut timber in 1950. The record owner promptly commenced its suit to cancel; and the court held that Secs. 709 and 710, Code of 1942, Recompiled, did not bar the action because the statutes of limitation do not begin to run against one in actual on constructive possession of lands until an adverse entry has been made.

Those cases all arose out of tax sales. In three of them, the land had been sold to the State for the non-payment of taxes, but the owners had remained in possession. In the other case, the court held that the evidence failed to show that the taxes had not been paid; and if the taxes were paid, the land was not subject to sale. Besides, the evidence was insufficient to establish the purchaser's adverse possession.

██ █ The mere possession of the surface was not adverse to ownership of the minerals. It is not claimed that the appellees did anything toward taking possession of the minerals by drilling wells or digging mines and capturing the same. Cook v. Farley, 195 Miss. 638, 15 So. 2d 352; White v. Merchants & Planters Bank, (Miss.), 90 So. 2d 11; Anderson v. Boyd, (Miss.), 91 So. 2d 537; Estate of Day v. Pounders, (Miss.), 94 So. 2d 620.

██ █ In the present case, the deed was executed by Cuevas himself, the owner of the property. It was filed for record on May 11, 1945. The record was notice to the appellees of Tate's claim to the mineral interest. They could not sit idly by and make no challenge of

this claim. Under the statutes, they were required to institute a suit within ten years from the accrual of their right. Their failure to do so has effectively barred them of any right which they may have had.

The plea of Secs. 709 and 710, supra, in bar of the action should have been sustained.

Consequently, the decree of the trial court is reversed, the plea in bar is sustained, and a decree will be entered here in favor of the appellants, dismissing the appellees' cause with prejudice.

Reversed and Decree for Appellants.

*Roberds, P. J.,* and *Hall, Kyle,* and *Holmes, JJ., concur.*