Rudolph AYERS and Lucille Ayers,
Appellants,

v.

C. J. DAVIDSON, Cascade Petroleum
Company, Fred D. Meyer, L. H. Feath-
erston, Richard H. Vickers, Appellees.

No. 18369.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1960.

George P. Hewes, III, Jackson, Miss.,
Paul Brown, of Brown & Brown, Okla-
homa City, Okl., E. L. Brunini, of Bru-
nini, Everett, Grantham & Quin, Jack-
son, Miss., for appellants.

Kenneth I. Franks, Jackson, Miss., M.
E. Ward, Vicksburg, Miss., Dent, Ward,
Martin & Terry, Vicksburg, Miss., Hei-
delberg, Woodliff, Castle & Franks, Jack-
son, Miss., for appellees.

Before JONES, Circuit Judge, and
HOOPER and JOHNSON, District
Judges.

JOHNSON, District Judge.

This is an appeal from an order of the
District Court for the Southern District
of Mississippi granting a motion made
on behalf of the defendants-appellees for
summary judgment made pursuant to
Rule 56 of the Federal Rules of Civil
Procedure, 28 U.S.C.A.; the District
Court in its unreported opinion rendered
May 5, 1960, found and held that there
was no genuine issue as to any material
fact and that the defendants-appellees
were entitled to a judgment of dismissal
as a matter of law; judgment of dis-
missal was accordingly entered.

The complaint was filed in the Dis-
trict Court on October 20, 1959 and al-
leged that the plaintiffs, Rudolph Ayers
and his daughter, Lucille Ayers, being
uneducated and not versed in business
matters, executed in November of 1937
an instrument conveying to the defend-
ant-appellee Davidson a $15/16$th interest
in the oil, gas and other minerals in cer-
tain lands owned by the Ayerses in Pike
County, Mississippi. Further, that the
Ayerses had owned this property for
many years prior to the date of the con-
veyance and had been and continued to
be on up until the time the suit was filed,
in the uninterrupted possession of said
land. The complaint further alleged that
the defendant-appellee Davidson orally
represented to the Ayerses that he wished
to drill a test well for oil and gas on
their land and if they would grant him
an oil and gas lease he would, within six
months from the date of the execution
thereof, drill such a test well; further,

that if no well was drilled on the Ayerses' land within six months, the lease would expire. It was further alleged that the Ayerses, relying upon the representations of Davidson, executed the deed of conveyance under the impression that the same was an oil and gas lease; that said deed of conveyance was executed by them without their comprehending or being able to comprehend the meaning of the instrument; that they relied solely upon the representations of Davidson and that said representations were false and fraudulent and made with the intent of defrauding the Ayerses of their valuable mineral rights in the property. The complaint further alleged that the only consideration paid by Davidson for the execution and delivery of said instrument was the sum of $45; that no drilling rentals or renewal payments were ever made to the Ayerses. It was further alleged that shortly prior to the time same was filed oil and gas discovery and development had taken place in the vicinity of the lands in question and that the Ayerses had only recently learned that Davidson and his assignees, who are the other defendants-appellees in this action, were the record owners of a 15/16th mineral interest in said lands. The motion for summary judgment was predicated upon the defendants' contention that the Ayerses' cause of action was barred by the ten-year statute of limitations, as set out in §§ 709 and 710 of the Mississippi Code of 1942 Annotated,[1] since upon the recording of the fraudulent deed, which was on March 3, 1938, they (the Ayerses) were charged with notice of the fraud and the statute began to run from that date.

The complaint in this case was filed with the District Court on October 20, 1959, the motion for summary judgment filed on behalf of all the defendants was on December 7, 1959, a hearing was held thereon on December 21, 1959, and on December 26, 1959, upon motion of the Ayerses the District Court entered an order allowing amendments to the complaint. On February 3, 1960, while the motion for summary judgment was pending, the Ayerses filed a motion with the District Court for a voluntary dismissal of their lawsuit, as authorized by Rule 41(a) (2) of the Federal Rules of Civil Procedure. The district judge overruled

1. "709. A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same; but if, at the time at which the right of any person to make an entry or to bring an action to recover land shall have first accrued, such person shall have been under the disability of infancy or unsoundness of mind, then such person or the person claiming through him may, notwithstanding the period of ten years hereinbefore limited shall have expired, make an entry or bring an action to recover the land at any time within ten years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under either disability, or shall have died, whichever shall have first happened; but when any person who shall be under either of the disabilities mentioned, at the time at which his right shall have first accrued, shall depart this life without having ceased to be under such disability, no time to make an entry or to bring an action to recover the land beyond the period of ten years next after the time at which such person shall have died, shall be allowed, by reason of the disability of any other person."

"710. A person claiming land in equity may not bring suit to recover the same but within the period during which, by virtue of the provisions hereinbefore contained, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such estate, interest, or right in or to the same as he shall claim therein in equity; but in every case of a concealed fraud, the right of any person to bring suit in equity for the recovery of land, of which he or any person through whom he claims may have been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which the fraud shall, or, with reasonable diligence might, have been first known or discovered."

the voluntary dismissal motion and thereafter entered the summary judgment.

■ There is no question but that summary judgment procedure is proper if the claim asserted against the defendant is barred by the applicable statute of limitations. See Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1245, and the numerous cases cited therein. See also Moore's Federal Practice, Vol. 6, pp. 2261–2263, and the cases cited therein.

■ Likewise, there is no question but that the applicable statutes of limitation in this case are those of Mississippi. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Under this doctrine, in diversity actions such as this one that have been commenced in the Federal courts, the laws and decisions of the state and its courts are to be followed.

■ While it is true that there is a conflict of authorities in the various state courts of the United States as to whether or not the filing of a deed or an instrument concerning real estate with the appropriate keeper of the public records starts the statute of limitations to run, it is inappropriate for this Court to consider in this case the holdings of the various states in this connection for the reason that it appears that the State of Mississippi, through the decisions of the Supreme Court of the State of Mississippi, has definitely held that the filing of a document affecting real estate with the Clerk of the Chancery Court—such as was done in this case on February 28, 1938 and actually recorded in the Chancery Court records on March 3, 1938—of the county where the real estate is situated or located is notice to all the world, and that when the instrument itself is the one upon which a suit to cancel for fraud is based, then the statute begins to run from the date the instrument is filed for record; in short, when the deed contains the alleged fraudulent conduct on its face and is then filed for record, there is no longer any concealment of the fraud and the exception to the statute of limitations for concealed fraud does not apply. The theory is that once the instrument is recorded the fraud is no longer concealed. See Rimmer v. Austin et al., 1941, 191 Miss. 664, 4 So. 2d 224.

A case almost exactly in point with the case now before this Court is that of Aultman, et al. v. Kelly et al., 1959, 236 Miss. 1, 109 So.2d 344, 347. In that case the heirs of one Cuevas filed a complaint in June, 1956, against Aultman, et al., to cancel a mineral lease in Hancock County, Mississippi. The instrument was filed for record in May, 1945. The complaint in that case charged that in November of 1944 Cuevas became mentally incompetent and was mentally incompetent at the time the instrument was executed by him; the instrument had been executed in April, 1945. The suit was to cancel the instrument upon the ground of fraud perpetrated upon the incompetent Cuevas. The defendants filed a "plea in bar" under §§ 709 and 710 of the Mississippi Code. The Supreme Court for the State of Mississippi held that the plea of statute of limitations was good, and barred the suit. This holding was upon the theory that the filing of the deed put into operation the statute of limitations the day the deed was filed. In this connection the Court stated:

> "When the cause of action arose, the heirs, whether they had any actual knowledge of the deed or not, had constructive knowledge thereof, because it had been recorded. 'Constructive notice of the making of a deed begins the moment it is lodged with the proper officer for record.' Sowell v. Rankin, 120 Miss. 458, 82 So. 317; Bank of Lexington v. Cooper, 115 Miss. 782, 76 So. 659; Mangold v. Barlow, 61 Miss. 593, 48 Am.Rep. 84. Besides, where the alleged fraudulent conveyance is recorded, the circumstances are public and the means of finding out the character of the transaction are

**140**

available. Consequently, the running of the statute of limitation is not prevented. Fleming v. Grafton, 54 Miss. 79.

\*.   \*   \*   \*   \*   \*   .

"In the present case, the deed was executed by Cuevas himself, the owner of the property. It was filed for record on May 11, 1945. The record was notice to the appellees of Tate's claim to the mineral interest. They could not sit idly by and make no challenge of this claim. Under the statutes, they were required to institute a suit within ten years from the accrual of their right. Their failure to do so has effectively barred them of any right which they may have had.

"The plea of Secs. 709 and 710, supra, in bar of the action should have been sustained."

It appears, therefore, that in this case the Ayerses had on March 3, 1938, constructive notice of any fraud that may have been perpetrated upon them by Davidson in the securing of the deed. Under the operation of §§ 709 and 710 of the Mississippi Code and the cases construing those sections, particularly Aultman v. Kelly, supra, the Ayerses were required to commence any action to recover the lands and/or interests therein within ten years from that date. Their failure to bring this action within that period of time barred the present action, and the district judge correctly granted defendants' motion for summary judgment.

As to appellants' complaint that the District Court erred in refusing their motion for dismissal, said motion having been made pursuant to Rule 41(a) (2), Federal Rules of Civil Procedure, the record is not sufficiently clear for this Court to determine and hold that such refusal by the District Court was arbitrary and an abuse of discretion.

The judgment of the District Court is Affirmed.