Lillian Carson SAVILLE, Harvey Carson, Jr., Earl Carson, Jr., and Lula Carson Chinn, Appellants,

v.

E. V. SHOVE, Executor of the Last Will and Testament of Marie Simpson, Appellee.

No. 18350.

United States Court of Appeals
Fifth Circuit.

May 4, 1961.

Amy Burkett, Ocean Springs, Miss., for appellants.

Frank T. Williams, Jackson, Miss., Satterfield, Shell, Williams & Buford, Jackson, Miss., of counsel, for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The land which is the subject matter of this litigation is located in Mississippi. It was at one time owned by Charles I. Simpson. He borrowed $5,000 and secured it by a deed of trust on the property. The deed of trust and the indebtedness secured by it were assigned to The First National Bank of Biloxi. The Bank foreclosed the deed of trust in 1935 and became the purchaser at the foreclosure sale. At the time of the foreclosure Charles I. Simpson was living on the property with his wife, Elizabeth Carson Simpson (sometimes known as Lillian Carson Simpson) and his daughter, Marie Simpson. Marie was the daughter of Charles by a former marriage. After the foreclosure the Simpsons continued to occupy the property until after the death of Charles I. Simpson which occurred on October 13, 1935. Mrs. Simpson moved to Texas within a month after her husband's death and did not thereafter return to Mississippi except for a visit in 1939 for about two weeks.

On March 25, 1936, The First National Bank of Biloxi conveyed the land to Marie Simpson who gave the Bank a note for $5,000, secured by a deed of trust on the land. The deed by which Marie Simpson acquired title to the land was filed for record on April 3, 1936. On July 25, 1939, Elizabeth Carson Simpson died. Marie Simpson died in 1957 or 1958 and E. V. Shove became the Executor of her will. The appellants are four of the five heirs of Elizabeth Carson Simpson. They brought suit, basing federal jurisdiction upon diversity of citizenship, against the Executor of Marie Simpson and asserted that Marie Simpson acquired title to the lands with a resulting trust to the extent of a half interest in the lands in favor of Elizabeth Carson Simpson which inured to the benefit of the appellants as heirs of Mrs. Simpson. In addition to defenses denying that any resulting trust existed, the appellee moved to dismiss on the ground, among others, that the remaining heir of Mrs. Simpson was an indispensable party, and upon the ground that no claim was stated upon which relief could be granted. The appellee, after answers were made by the appellants to interrogatories and requests for admissions, filed an amendment to his answer asserting that the appellants' claim was barred by limitations and laches. Appellants and appellee filed separate motions for summary judgment. The district court concluded that no basis existed for the appellants to rely upon the doctrine governing co-tenants [1] and proceeded to consider the appellee's defense of limitations. The court determined that the statute of limitations began to run when the deed from the Bank to Miss Simpson was recorded and that the appellants' claim was barred. From a judgment for the appellee this appeal was taken.

The question here presented is the same as was recently before this Court

[1] Cf. Dean v. Simpson, 235 Miss. 162, 108 So.2d 546.

in Ayers v. Davidson, 5 Cir., 1960, 285 F.2d 137. There, following Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344, we held the asserted claim was barred by the statute of limitations. The same rule must be applied here. See also Gandy v. Burke, 236 Miss. 241, 109 So.2d 926.

The judgment of the district court is Affirmed.