LOUISVILLE & NASHVILLE RAILROAD CO. *v.* JOHN POOL.

1. LIMITATION.  *Nonresident.   Railroads.   Action accrued in another state.* Code 1892, § 2754.

Section 2754, code 1892, which provides that suit cannot be maintained in this state on a cause of action accrued in another state where defendant has resided before residing in this state, if, under the statute of limitations in that state the action cannot there be maintained, applies only where a nonresident in whose favor the statute had accrued afterwards removes into this state. Hence, a railroad company which, during the period pleaded as a bar, was operating a railroad in this state, and therefore suable as a resident here, cannot plead said statute against an action brought in this state for stock killed in another state where the statute of limitations would, if suit were there brought, bar the action.

2. SAME.  *Pleading.·   Certainty.*

In such case, since a railroad corporation may be for some purposes a resident of several states at·once, its plea that it was a nonresi-

dent of another state, whose statute of limitation it invokes, is insufficient.   It should also deny residence in this state.

3. APPEAL TO CIRCUIT COURT.  *Damages.*   *When awarded.*   *Code* 1892, § 85.

It is only where *defendant* appeals to the circuit court, and plaintiff there recovers as much or more than the judgment in his favor in the justice court, that damages can be added to the judgment. Code 1892, § 85.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

This is an action brought before a justice of the peace in Jackson county, to recover sixty-eight dollars damages for stock killed by appellant's train.   The evidence showed that one heifer of the value of eight dollars was killed by defendant's train near the state line between Mississippi and Alabama, but none of the witnesses could testify with certainty in which state it was killed.   An ox worth twenty-five dollars and another worth thirty-five dollars were shown to have been killed on different days in the state of Alabama.   More than six months elapsed after the last animal was killed before suit was brought, and defendant pleaded the statute of limitations of Alabama, which bars, after six months, actions for injury to or destruction of stock, when the value does not exceed one hundred dollars.

The justice of the peace gave judgment for plaintiff for eight dollars, holding that the action was barred as to the two animals killed in Alabama, and the plaintiff appealed to the circuit court.   The trial there resulted in a judgment for sixty-eight dollars, the full amount sued for, and, after a motion for a new trial, which was overruled, defendant appealed.

Section 85, code 1892, reference to which is made in the opinion, provides, among other things, that, on appeal from a justice of the peace to the circuit court, if the defendant be the appellant, and judgment be rendered the plaintiff in the original suit for a sum equal to or greater than he recovered

before the justice of the peace, ten per cent. damages on the amount thereof shall be included in such judgment.

*Mayes & Harris*, for appellant.

1. The cause of action as to the animals killed in Alabama accrued in that state. Appellant is a foreign corporation, not residing in the state of Mississippi. Accordingly, under § 2754, code 1892, the statute of limitations of Alabama should be applied.

2. Judgment in the circuit court should not have been rendered for ten per cent. damages in addition to the verdict of sixty-eight dollars recovered in the justice court. Plaintiff appealed from the judgment. It is only when defendant appeals and the judgment for plaintiff is as much, or more, than it was in the justice court that damages can be awarded.

*Horace Bloomfield*, for appellee.

The defendant was running its trains through Alabama and Mississippi at the time the animals were killed. The action, being personal and transitory, could be brought in any place where the party defendant could be found. Story on Conflict of Laws, § 554. Section 2754, code 1892, applies only where a nonresident is protected by the statute of limitations of another state where he resided before he resides in this state.

If the judgment is erroneous in adding damages, a remittitur may be entered.

COOPER, C. J., delivered the opinion of the court.

If the appellant company was doing business in this state, and therefore suable as a resident here during the period pleaded by it as a bar of the plaintiff's action, § 2754 of the code would not apply. That section is as follows: "When a cause of action has accrued in some other state, or in a foreign country, and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in

this state, an action thereon cannot be maintained by reason of lapse of time, an action thereon shall not be maintained here.''

This section has in view the case of a nonresident, protected by the bar of the statute of limitation of the state or country in which he has resided against a cause of action there arising, who afterwards moves into this state. Ordinarily there will be no difficulty in pleading or applying the statute; for the plea of a natural person that during a certain period of time he was a resident of another state, *ex vi termini* implies that during that time he was nonresident here. But a corporation may, for many purposes, be resident in many states at one time, and it may be, and probably is, true that the defendant was operating its road both in this state and Alabama, when by the running of its cars in Alabama it killed the plaintiff's cattle. Strangely enough, there is no evidence of this fact in the record.

But we think the plaintiff's case is helped by the plea of the defendant, which fails to aver the fact of nonresidence by it, during the period pleaded as a bar. The plea is that the defendant was a resident of Alabama, which may be true; *non constat* that it was not also resident in this state. This finesse in pleading cannot avail.

The judgment, however, is erroneous, in that it awards damages against the defendant on an appeal by the plaintiff, from the justice of the peace. Code 1892, § 85. For this the judgment will be

*Reversed, and the proper judgment entered here.*