NEW ORLEANS GREAT NORTHERN RAILROAD Co. v. JOHN FORTENBERRY.

[64 South. 966.]

LIMITATION OF ACTIONS. *Code* 1906, *section* 3114. *Applicability.*

Section 3114, Code 1906, providing that suit cannot be maintained in this state on a cause of action accrued in another state, where defendant has resided before residing in this state, if under the statute of limitations in that state, the action cannot there be maintained, applies only where a nonresident, in whose favor the statute had accrued, afterwards removes into this state, and hence a railroad company which, during the period pleaded as a bar, was operating a railroad in this state and therefore sueable as a resident here, cannot plead said statute against an action brought in this state for personal injury inflicted in another state, where the statute of limitations would, if suit were there brought, bar the action.

APPEAL from the circuit court of Marion county.
HON. A. E. WEATHERSBY, Judge.

Suit by John Fortenberry by next friend against the New Orleans Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee, by his next friend, brought suit against the appellant in the circuit court of Marion county, Mississippi, for injuries sustained by him while a passenger on one of the trains of appellee going from New Orleans, Louisiana, to Columbia, Mississippi. The injury occurred at Bogalousa, Louisiana. The appellant, railroad company, has a line of road running in both states, and is chartered under the laws of both states. The suit in question was not begun until more than one year after the injury occurred, and the railroad company filed a plea that the cause of action was barred by the statute of limitations of one year of the state of Louisiana. The statute of limitations had not run against the cause of ac-

tion in the state of Mississippi. The railroad claimed that since the accident occurred in the state of Louisiana, suit could not be brought in the state of Mississippi. The plaintiff demurred to this plea, and the demurrer was sustained. The case then went to trial on a plea of general issue, and a plea of contributory negligence, and resulted in a jury and verdict for one thousand dollars. The railroad company appeals on the ground that section 3114 governs the case. Said section is as follows: "Section 3114. (2754) Action Barred in Another State Barred Here.—When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state."

*Henry Mounger*, for appellant.

It is not controverted that the New Orleans Great Northern Railroad Company is a railroad company organized both under the laws of the state of Mississippi and under the laws of the state of Louisiana. That the cause of action accrued on account of an alleged injury resulting from the negligence of the defendant while its train was at Bogalousa in the state of Louisiana. That by the laws of the state of Louisiana the action would be barred by prescription. That more than one year expired before the suit in this case was filed and the question is, under the first assignment of error, whether or not the action having been barred by the statute of limitations in the state of Louisiana, the case can be brought after the expiration of one year in the state of Mississippi. The writer of this brief will ask Mr. F. D. Blue, one of the attorneys for the railroad, to present this point.

*T. S. Dale,* for appellee.

This suit was instituted by appellee, John Fortenberry, who was plaintiff in the court below, in the circuit court of Marion county, in the state of Mississippi, for personal injuries received in the state of Louisiana. The New Orleans Great Northern Railroad Company, appellant, is a railroad company organized both under the laws of the state of Mississippi and the laws of the state of Louisiana, its line of railway passing through said Marion county, in Mississippi. More than one year had expired since plaintiff received his injuries before the institution of his suit. Defendant, the New Orleans Great Northern Railroad Company, filed a special plea to plaintiff's declaration, in which it plead the statute of limitations of the state of Louisiana, and to this plea a demurrer was filed by the plaintiff, which demurrer was sustained by the court. Appellant contends that the sustaining of this demurrer was error.

In submitting these authorities, we do not for one time concede that plaintiff's cause of action would have been barred by the statute of limitations of the state of Louisiana, should the same apply. The statute of limitations of Louisiana is not at all clear as to this, but we think it well settled that in this case the statute of limitations of this state apply, and not that of the state of Louisiana.

We think this question long since settled beyond dispute by the supreme court of this state. See *Schroff* v. *Lisco,* 63 Miss. 213; *Wright* v. *Mordaunt,* 77 Miss. 537.

The case of *Krogg* v. *Atlantic & West Point Railroad Company,* a Georgia case, reported in 77 Ga. 202, 4 Am. St. Rep. 79, is a case very similar to this case, and one in which this very question was raised and settled in favor of plaintiff, appellee herein. Plaintiff Krogg received his injuries in the state of Alabama and instituted his suit for damages in the state of Georgia, the railroad running through both states. Defendant, the Atlanta & West Point Railroad Company, plead the Alabama stat-

107 Miss. 6

ute of limitations. The court held that the statute of limitations of Georgia (the place of the forum) governed, and not that of the other state. The court, in passing upon this question in this case, said: "It is insisted that as this injury arose in Alabama, the period of the statute of limitations is that prescribed by the statute of that state. We do not agree with this view of the counsel for the defendant company; it would seem that at this day it would require neither argument nor authority to settle this point." *Kragg* v. *Atlantic & West Point Railroad Company,* 77 Ga. 202, 4 Am. St. Rep. 79.

*Whitfield, McNeil & Whitfield,* for appellee.

This suit, based on the above stated facts, is first sought to be avoided by a plea of the appellant company that the suit is barred by the statute of limitations of the state of Louisiana where the accident happened. This contention is manifestly untenable, as is demonstrated by the following Mississippi cases: *Scharff* v. *Lisso,* 63 Miss. 213; *Wright* v. *Mordant,* 77 Miss. 537, and the case of *Groff* v. *Atlanta & West Point Railroad Company,* 77 Ga. 202, all cited in the brief of our associate counsel, Dale, Hennington & Rawla, which authorities are conclusive of the proposition that the *lex fori* governs with respect to statutes of limitation.

In addition to those authorities cited in that brief, from which we will not quote, as they have already been quoted from in brief of associate counsel, we call this court's especial attention, as being conclusive of this proposition, beyond all doubt, to the case of *Louisville & N. R. Co.* v. *Pool,* 16 So. 753. This was a case for damages against the railroad company for cattle killed by its train in another state. The suit was brought in Mississippi and the statute of limitations of the other state was plead as a bar to the recovery. The court ruled that the statute was not applicable.

The court, speaking through Chief Justice Cooper said, referring to section 2754 of the Code of 1892, being 3114

of the Code of 1906: "This section has in view the case of a nonresident protected by the bar of the statute of limitations of the state or country in which he has resided against a cause of action there arising, who afterwards moves into this state. Ordinarily, there will be no difficulty in pleading or applying the statute, for the plea of a natural person that during a certain period of time he was a resident of another state *ex vi termini*, implies that during that time he was a nonresident here. But a corporation may, for many purposes, be resident in many states at one time; and it may be, and probably is, true that the defendant was operating its road both in this state and Alabama when, by the running of its cars in Alabama, it killed the plaintiff's cattle. Strangely enough, there is no evidence of this fact in the record. But we think the plaintiffs case is helped by the plea of the defendant, which fails to aver the fact of nonresidence by it during the period pleaded as a bar. The plea is that the defendant was a resident of Alabama, which may be. *Non constat* that it was not also resident in this state. This *finesse* in pleading cannot avail."

It would seem that the decision settles beyond all controversy the first assignment of error, to wit: that the statute of limitations of the state of Louisiana bars this suit by the appellee in this state. We are so satisfied that there is nothing to this assignment, in view of this and the other decisions of this court and the courts of other states, that we dismiss this assignment without the citation of other authorities.

COOK, J., delivered the opinion of the court.

Appellee sued appellant for personal injuries inflicted upon him by the alleged negligence of appellant's servants in the operation of one of its trains between Slidell, Louisiana, and Jackson, Mississippi, upon which train appellee was a passenger. The jury awarded one thousand dollars as damages, and from the judgment on that verdict this appeal is prosecuted.

It is contended that the cause of action arose in Louis-
iana, and that the action was barred by the one-year stat-
ute of limitations of that state. This defense was set up
by proper plea, to which appellee demurred, and his de-
murrer was sustained. The declaration charges that ap-
pellant is a Mississippi corporation, and that its line of
railroad begins at a point in this state and terminates
at a point in Louisiana, and this is not denied. We think
the demurrer was properly sustained, and that section
3114, Code of 1906, has no application. *Railroad Co.* v.
*Pool*, 72 Miss. 487, 16 So. 753.

It is further insisted that the peremptory instruction
asked by defendant below should have been given by the
trial court because the evidence at the trial shows that
plaintiff's injury was caused by his own negligence.

We have carefully considered the evidence and cannot
say that the court erred in submitting the issue of con-
tributory negligence to the arbitrament of the jury.

*Affirmed.*