Mary SHEETS, Appellant,

v.

Richard G. BURMAN, Appellee.

No. 19922.

United States Court of Appeals
Fifth Circuit.

Sept. 5, 1963.

Cameron, Circuit Judge, dissented.

■■■■■■■■■■

John Ready O'Connor, Madison, Ind., Joseph H. Benvenutti, Bay St. Louis, Miss., for appellant.

Webb M. Mize, Hollis C. Thompson, Jr., R. W. Thompson, Jr., Gulfport, Miss., for appellee.

Before PHILLIPS,* CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The question for decision is whether the district court properly dismissed the plaintiff's malpractice action on the defendant's motion for a summary judgment based on the Mississippi Statute of Limitations.

On November 12, 1959, the plaintiff, Mrs. Mary Sheets, brought an action for malpractice and negligence against her former doctor, Richard Burman. She alleged that he left a curvilinear surgical needle in her abdomen in February, 1947 while performing a Caesarian section operation, and that she did not discover that this was the cause of her continuing pains until October, 1957. She also alleged that "by means of artifice * * * defendant hindered plaintiff from acquiring information regarding the existence of said needle in plaintiff's abdomen," and that "defendant fraudulently and deceitfully concealed from the plaintiff his careless and negligent acts in performing said operation, and her right to demand reparation from him; that defendant's actions as aforesaid were made with intent that plaintiff, by relying on such artifices, would not make any demands on defendant for reparation and that defendant would be protected by the statute of limitations."

■ The operation took place in Indiana, where both parties then resided. Dr. Burman, however, moved from Indiana to Louisiana in 1950 and then back to Indiana in 1953. Early in 1954 he examined the plaintiff on one or two occasions. Later in that year, he moved to Mississippi, where plaintiff brought suit. The defendant moved for summary judgment on the ground that the action was barred by the Mississippi, Indiana, and Louisiana statutes of limitations. The district court granted the motion. The plaintiff appeals. We reverse and remand on the ground that since a material factual issue was in dispute, the district court erred in granting the summary judgment.

## I.

■■ In order for the court to issue a summary judgment under Rule 56, there must be no disputed questions of fact or conflicting inferences to be drawn from undisputed facts which, if settled against the moving party, would allow the plaintiff to recover. Stanley v. Guy Scroggins Construction Co., 5 Cir., 1961, 297 F.2d 374; Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir., 1960, 280 F.2d 523. A claim barred by the applicable statute of limitations may be properly disposed of by summary judgment procedure. Ayers v. Davidson, 5 Cir., 1960, 285 F.2d 137. If, however, there is a disputed factual issue as to whether the suit was timely brought the plaintiff must be allowed to present evidence on this point. R. J. Reynolds Tobacco Co. v. Hudson, 5 Cir., 1963, 314 F.2d 776.

## II.

■ We must first determine the applicable statute of limitations. Section 741 of the Mississippi Code of 1942 provides that

"When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state."

* Of the Tenth Circuit, sitting by designation.

Mississippi courts interpret this provision to apply only in favor of non-residents who have moved into Mississippi *after* a cause of action against them is barred in their former state of residence. Louisiana & Mississippi R. Transfer Co. v. Long, 1930, 159 Miss. 654, 131 So. 84; Fisher v. Burk, 1920, 123 Miss. 781, 86 So. 300; New Orleans Great Northern R. R. Co. v. Fortinberry, 1914, 107 Miss. 79, 64 So. 966; Louisville & N. R. Co. v. Pool, 1895, 72 Miss. 487, 16 So. 753. The statute does not breathe life into a cause of action which is dead in Mississippi, regardless of the viability of the claim in another state. "[I]ts sole purpose and effect are to give to one sued in [Mississippi] the benefit of a bar completed elsewhere." Wright v. Mordaunt, 1900, 77 Miss. 537, 27 So. 640; Montgomery v. Yarbrough, 192 Miss. 656, 6 So.2d 305, suggestion of error overruled, 1952, 192 Miss. 656, 6 So.2d 925. Unless, therefore, Mrs. Sheets' cause of action against Dr. Burman was barred by the limitations statute of Indiana or of Louisiana *before* he moved into Mississippi, this provision is not relevant, and Mississippi's own statute of limitations applies.

■ Indiana is one of the few states which has enacted a statute fixing a special limitation period for malpractice suits. Section 2–627 of the Indiana Statutes Annotated provides:

"No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two (2) years from the date of the act, omission or neglect complained of."

The Indiana courts, however, have read an exception into the statute for cases in which there has been fraudulent concealment of malpractice acts. Thus, where there is a fiduciary relationship between the parties, as between a doctor and patient, the failure by the doctor to disclose acts of malpractice constitutes a fraudulent concealment tolling the statute of limitations. In Guy v. Schuldt, 236 Ind. 101, 138 N.E.2d 891 (1956), the Indiana Supreme Court held:

"Usually, there must be some active effort on the part of one to be guilty of concealment but where a fiduciary or confidential relationship exists, such as physician-patient, there exists a duty to disclose material information between the parties and a failure to do so results in concealment. * * * [W]here the duty to inform exists by reason of a confidential relationship, when that relationship is terminated the duty to inform is also terminated; concealment then ceases to exist. After the relationship of physician and patient is terminated the patient has full opportunity for discovery and no longer is there a reliance by the patient nor a corresponding duty of the physician to advise or inform. The statute of limitations is no longer tolled by any fraudulent concealment and begins to run."

A very similar rule prevails in Louisiana. In Perrin v. Rodriguez, La.App. 1934, 153 So. 555, the complaint alleged that the defendant, a dentist, failed to remove the roots of two of plaintiff's teeth which he had extracted. The dentist continued to treat the plaintiff for fourteen months. The Louisiana Court of Appeals refused to dismiss the malpractice action. The Court pointed out that although Article 3537 of the LSA–Civil Code bars a claim for damage after the lapse of one year from the day on which the injury was sustained, "there is an exception where there was no knowledge of the fact that there was damage or where, through some act of the party who caused the damage, the injured person is kept in ignorance of the fact that there has been damage or of the cause thereof." The defendant had tried for several months to alleviate the plaintiff's discomfort. Thus,

"[u]nder such circumstances, the prescriptive period did not commence

to run until plaintiff discovered that he had sustained injury and that it had resulted from the negligence of defendant. So long as he continued to rely upon the professional advice of defendant, and so long as defendant continued to assure him that the pain was being caused by the denture of false teeth, there was no obligation on his part to commence his suit for redress. * * * It would not do to permit a doctor, who may discover that he has made a mistake which has caused damage to a patient, to continue to treat the patient, concealing the true condition until the accrual of prescription and to then interpose the plea that the action, based on the mistake, comes too late. Whether the doctor discovers the mistake and intentionally conceals it or negligently fails to discover it, is not important, the important fact being that, through reliance on the doctor's skill and ability, the patient has not discovered that the injury which he has sustained resulted from fault of the doctor."

In Louisiana as in Indiana, therefore, the statute is tolled as to an injured patient when there is a doctor-patient relationship and the patient relies upon the doctor's skill and representation. The statute does not commence to run until there is knowledge of the act causing the damage or until the termination of doctor-patient relationship. See Aegis Insurance Co. v. Delta Fire & Casualty Co., 99 So.2d 767, 783 (La.App.1957); R. J. Reynolds Tobacco Co. v. Hudson, 5 Cir., 1963, 314 F.2d 776.

In the case before us there is a dispute as to when the doctor-patient relationship ended. The defendant contends that it was terminated, at the latest, in 1950, when he moved to Louisiana. Mrs. Sheets urges that it continued to exist until 1954, when Dr. Burman made an examination of her. There are conflicting inferences which can be drawn from the admitted facts that Dr. Burman left Indiana for one year, but then examined Mrs. Sheets at least once on his return. If the doctor-patient relationship still existed early in 1954, Mrs. Sheets' cause of action would not have been barred by the Indiana or Louisiana statutes of limitations. As part of this material issue or as a separate material issue there is a dispute over the important question whether Dr. Burman fraudulently concealed the alleged acts of malpractice. If, therefore, the plaintiff's contentions are sound—and this can be determined only by a full trial of the case—when Dr. Burman moved to Mississippi a few months after making the examination, section 741 would not be applicable and Mississippi would apply its own statute of limitations.

### III.

There is, therefore, one or more disputed issues of material fact in the case. The defendant, however, argues that even if the plaintiff could succeed in showing on a trial that Indiana and Louisiana would not have barred her action when the defendant moved to Mississippi, the sole result would be that Mississippi would then apply its own statute of limitations, which would bar the action regardless of what showing the plaintiff can make. He relies heavily upon Wilder v. St. Joseph Hospital, 225 Miss. 450, 82 So.2d 651 (1955). In that case the plaintiff brought suit in 1954, alleging that the defendants had performed an operation on her in 1939 and had failed to remove gauze and sponges used in the operation. The defendants contended that the action was barred by section 722 of the Mississippi Code of 1942, which provides that "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after." The trial court dismissed the action. The Mississippi Supreme Court affirmed, holding that the cause of action had accrued at the time of the operation. Section 742 of the Mississippi Code of 1952 provides:

"If a person liable to any personal action shall fraudulently conceal the

cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."

In Wilder the court noted that the plaintiff had not alleged sufficient facts to indicate that the defendants had *fraudulently* concealed a cause of action from her. Here, however, the plaintiff specifically alleged fraudulent concealment. Moreover, Mrs. Sheets' deposition indicates that there had been at least one X-ray showing the presence of the surgical needle in her body. Although it is not clear from the record on appeal when the X-ray was taken and whether Dr. Burman had access to it, the plaintiff should have an opportunity to present evidence of the X-ray and other evidence in support of her disputed allegations of fraudulent concealment.

■ As we pointed out in Stanley v. Guy Scroggins Construction Co., 5 Cir., 1961, 297 F.2d 374, 378:

"[T]his holding does not rule out the possibility of a directed verdict. It may be, when the evidence is in, that the district judge will find that the case should be disposed of by a directed verdict. He is free to do so. Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492, 496–497. On the other hand, this may prove to be a case when the underlying facts are susceptible of conflicting inferences, and the choice must be left to the jury."

The summary judgment is reversed and the case remanded for trial.

CAMERON, Circuit Judge (dissenting).

I respectfully dissent. It is uncontradicted that the "first" doctor-patient relationship was ended in 1950 when Dr. Burman left Indiana. Under the law of any of the States involved, the statute at the latest started running then, even assuming *arguendo* concealment until and before that time. The later examination in 1954 constituted an entirely new and separate relationship and, in my opinion, could not create an *ex post facto* doctor-patient relationship for the period between 1950 and 1954.

Since the doctor-patient relationship ceased in 1950, the action is barred even by the Mississippi six-year statute. I think we need look no further.