**William E. GODBOLD, Plaintiff,**

v.

**FEDERAL CROP INSURANCE COR-
PORATION, Defendant.**

**No. DC 72–61–K.**

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 12, 1973.

Jack N. Tucker, Tunica, Miss., for plaintiff.

Norman L. Gillespie, Jr., Asst. U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This cause is before the court on motion of defendant, Federal Crop Insurance Corporation (FCIC), for summary judgment under Rule 56, F.R.Civ.P. For the reasons that follow, we hold that there is no genuine issue as to any material fact and that as a matter of law summary judgment against plaintiff, William E. Godbold, is proper.

This action was instituted by plaintiff for recovery of alleged damages to his 1970 cotton crop, which, plaintiff contends, was insured by defendant under FCIC Contract No. 65–072–00849.[1] The material allegations in the complaint

---

1. The complaint was initially filed in the County Court of Tunica County, Mississippi, on August 11, 1972; thereafter, on September 13, 1972, defendant, an agency of the United States Department of Agriculture, removed the cause to this court in accordance with 28 U.S.C. § 1446(b).

charge that plaintiff, on January 9, 1970, applied for federal crop insurance on 400 acres of farm land located in Tunica County, Mississippi; that plaintiff's application was approved by representatives of FCIC; that in consideration for plaintiff's promise to pay the appropriate premium, FCIC policy No. 65–072–00849 issued insuring plaintiff's 1970 cotton crop from loss resulting from specified hazards; that in 1970 plaintiff lost 105 acres of cotton insured under the terms of the aforementioned crop insurance policy; that plaintiff, on December 31, 1970, duly submitted to defendant a claim for indemnity on government form FCI–63; and that defendant thereafter wrongfully rejected plaintiff's claim and refused to indemnify plaintiff for monetary loss of $4,406.48.

In support of its motion for summary judgment, defendant asserts, inter alia, that plaintiff's right to bring suit for enforcement of his claim has expired. 7 U.S.C. § 1508(c), which authorizes FCIC to adjust and pay claims in agricultural commodities or cash to producers for losses incurred to insured commodities, provides:

> "In the event that any claim for indemnity under the provisions of this chapter is denied by the Corporation [FCIC], an action on such claim may be brought against the Corporation in the United States district court, or in any court of record of the State having general jurisdiction, sitting in the district or county in which the insured farm is located, and jurisdiction is conferred upon such district courts to determine such controversies without regard to the amount in controversy: *Provided*, That no suit on such claim shall be allowed under this section unless the same shall have been brought within one year after the date when notice of denial of the claim is mailed to and received by claimant."

The affidavit of J. S. Smith, Director of FCIC's Contract Service Center, has been filed with the court to substantiate defendant's motion. This affiant states that on February 17, 1971, a certified letter rejecting plaintiff's claim was mailed to plaintiff from the Director of National Service Office of FCIC, and the return receipt indicated that plaintiff received notice of denial on February 19, 1971.[2] Further, Smith states that plaintiff and his attorney have attempted on numerous occasions since denial of plaintiff's claim to persuade FCIC to reconsider its decision, although FCIC has consistently refused to do so.

Thus, defendant asserts that notice of denial of the claim was mailed to plaintiff and received by him on February 19, 1971, and since plaintiff failed to institute suit until August 11, 1972, the action was not commenced within the statutory period provided by 7 U.S.C. § 1508(c).

 Unquestionably, summary judgment may properly be granted in a defendant's favor where the claim against him is barred by the applicable statute of limitations. Ayers v. Davidson, 285 F.2d 137 (5 Cir. 1960); Sheets v. Burman, 322 F.2d 277 (5 Cir. 1963). It is, of course, not the function of this court to resolve factual issues upon a motion for summary judgment; and where the basis for the motion is a statute of limitations, there must be an absence of a material factual issue as to whether the suit was timely brought. Sheets v. Burman, supra.

In the case sub judice, plaintiff frankly concedes that his claim was rejected on February 17, 1971, but insists it was never "denied" within the meaning of 7 U.S.C. § 1508(c). In discussing this point in his brief, plaintiff apparently contends that the basis for his continuing efforts to persuade FCIC to reconsider his claim was his assumption that the decision to finally deny the claim was

2. A copy of the letter of rejection and the return receipt were attached as exhibits to Smith's affidavit. Together with the letter of rejection, defendant had returned to plaintiff government form FCI–63 (claim for indemnity) with the word "Rejected" stamped in large letters across its face.

yet to be passed upon. Nevertheless, the only evidence which plaintiff submitted on this issue appears in the affidavit of plaintiff's attorney, as follows:

"[A]ffiant made many efforts to have the claim of plaintiff reconsidered . . . resulting in a meeting at the Marks, Mississippi, County Office of Federal Crop Insurance Corporation on September 10, 1971. At said meeting which was held at 10:00 o'clock A.M. or thereabouts on said date there were present the plaintiff, William E. Godbold, his attorney, the affiant, H. E. White, Crop Insurance Supervisor, and G. H. Goss, Jr., a representative of Federal Crop Insurance Corporation. At said meeting it was the understanding of plaintiff and his counsel that the claim of plaintiff would be resubmitted and reconsidered. That since said meeting there has never been any formal communication between the parties."

■ In our opinion, plaintiff's position is not tenable. 7 U.S.C. § 1508(c) creates the right to sue for enforcement of FCIC insurance policies in either state or federal court; however, the statute also imposes a specific time limitation on that right, i. e., "one year after the date when notice of denial of the claim is mailed and received by the insured." The one-year limitation is unequivocal, and a dissatisfied claimant must adhere to it strictly. In Simon v. United States, 244 F.2d 703, 704 (5 Cir. 1957), the Fifth Circuit enumerated the controlling principle regarding congressional creation of a cause of action against the government and the time limitations within which a cause must be prosecuted, as follows:

"[T]he sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent . . . is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit.

\* \* \* \* \* \*

" 'A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.' " (Citations omitted)

■ In the instant case, the facts are undisputed that plaintiff received notice that his claim had been rejected in the clearest of terms on February 19, 1971, and plaintiff did not commence his action in state court until August 11, 1972, which was some 18 months later. Neither these obvious facts nor the controlling legal principle may be diminished by plaintiff's assertion that his claim was never finally "denied" so as to commence the running of the one-year limitation period.

The court has found no case to support the proposition that there is a distinction in FCIC cases between rejection and denial of a claim. On the contrary, in Knisely v. F. C. I. C., 334 F.Supp. 425 (S.D.Ohio 1971), the court indicated that the one-year limitation period in § 1508 (c) is "addressed to the situation where the F.C.I.C. *rejects* claims for damages made pursuant to an insurance contract." (Emphasis added). Furthermore, this court has heretofore entered a summary judgment for FCIC under similar circumstances in the case of Ellis v. F. C. I. C., (No. GC 71–13–S, N.D.Miss.) an unreported decision in which plaintiff failed to file his action within the one-year statutory period. In *Ellis*, the FCIC denied plaintiff's claim by a certified letter stating that "[T]he form signed by you does not reflect any appraisals for uninsured causes of loss, as

determined by the corporation, and must be *rejected.*" (Emphasis added). The letter was received by plaintiff on January 26, 1970, thus commencing the statutory period. Plaintiff filed suit on January 27, 1971, which was one day longer than the one-year statutory period. This court held that plaintiff had failed to comply with the provisions of § 1508(c), and summary judgment was entered for defendant.

For the foregoing reasons; it is

Ordered

1. That defendant's motion for summary judgment in its favor be and the same is hereby sustained.

2. That the complaint in this cause is finally dismissed with prejudice.

All costs are taxed to plaintiff.