Edward NATHAN, suing derivatively as a stockholder in the right and for the benefit of Fruehauf Corporation, Plaintiff-Appellant,

v.

Robert D. ROWAN, William E. Grace, Estate of Robert M. Chawner, Deceased, Kenneth A. Morris, Leslie C. Allman, James Bruce, Gerald W. Chamberlin, Walker L. Cisler, DeWitt A. Forward, Harry R. Fruehauf, Roy Fruehauf, Arthur J. Fushman, Robert D. Hill, Roy W. Jacobs, Herman H. Kahn, Robert S. Kirksey, Alfons Landa, Thomas G. Long, Thomas S. Nicholas, Warren Lee Pierson, James M. Robbins, Herbert J. Woodall, Wilbur M. Brucker, Frederick D. Nichols, Alexander S. Aranyos, Jack Breslin, John S. Bugas, Donald F. Chamberlin, Frank P. Coyer, Jr., W. D. Macdonnell, Roland A. Mewhort, John Does Nos. 1 through 20 and Fruehauf Corporation, Defendants-Appellees.

No. 78–1535.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 18, 1980.

Decided June 24, 1981.

As Amended July 20, 1981.

---

Loren T. Robinson, Jr., Scholl, Theut, Robinson, Stieg & Schellig, Detroit, Mich., for plaintiff-appellant.

Morris Milmet, Milmet, Vecchio, Kennedy & Carnago, Detroit, Mich., Jacob A. Stein, Stein, Mitchell & Mezines, Washington, D. C., for Rowan, et al.

William M. Saxton, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for Fruehauf Corp.

George E. Bushnell, Jr., Bushnell, Gage & Reizen, Detroit, Mich., James J. Hagan, Simpson, Thacher & Bartlett, New York City, for Kahn.

T. Neal Combs, Detroit, Mich., for defendants-appellees.

Before MARTIN and JONES, Circuit Judges, and DUNCAN, District Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

Edward Nathan brought this shareholder's derivative action against officers and directors of Fruehauf Corporation. Nathan alleged that Robert Rowan and William Grace caused Fruehauf to violate the federal excise tax laws and the federal securities fraud laws. Nathan further alleged that all the named defendants breached their fiduciary duties to Fruehauf by permitting the aforementioned violations to transpire. The district court dismissed Nathan's claims accruing prior to the spring of 1973 against all defendants as *res judicata* because in a prior shareholder's derivative action similar claims were held to be barred by the applicable Michigan statute of limitations. However, the court allowed Nathan's breach of fiduciary duty claims accruing after the spring of 1973 to proceed to trial. We affirm.

I.

In November 1970, Fruehauf, its chairman William Grace, and its president Rob-

[*] Honorable Robert M. Duncan, District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

ert Rowan, were indicted for conspiracy to defraud the United States, to attempt to evade the payment of federal excise taxes, and to aid in preparation of materially false excise tax returns in violation of 26 U.S.C. §§ 7201 and 7206(2) and 18 U.S.C. § 371. The substance of the indictments was disclosed to Fruehauf's shareholders in a footnote in Fruehauf's 1970 Annual Report.[1] The footnote revealed that Fruehauf might be liable for over $12 million in past taxes.

In July 1975, Fruehauf, Rowan and Grace were convicted on all counts of the indictment. Shortly thereafter, Rowan sent a letter to Fruehauf's shareholders to inform them that in the opinion of counsel, the convictions were not supported by substantial evidence, and would be appealed. The letter also indicated that Fruehauf might be liable for over $60 million for past taxes, interest and penalties. The convictions were affirmed by this Court.[2]

Edward Nathan, a shareholder of Fruehauf, requested additional information about Fruehauf's potential liability and the actions of its officers. When he failed to receive an adequate response, Nathan demanded that Fruehauf's board of directors bring an action to recover damages suffered by Fruehauf as a result of its officers' tax fraud. Fruehauf's attorneys met with Nathan and told him that the board refused to file the requested action. They also assured him that he would be informed if any other shareholder's derivative action was brought. Consequently, Nathan deferred the commencement of his shareholder's derivative action.

On October 17, 1975, Benjamin Singer filed a shareholder's derivative action which alleged that Fruehauf, Rowan, Grace and many of the same officers and directors as in the instant case breached their fiduciary duties to Fruehauf by participating in or failing to redress the aforesaid excise tax conspiracy. *Singer v. Nichols, et al.,* Civil No. 75–52039 (E.D.Mich., May 5, 1976). On May 5, 1976, the district court dismissed *Singer* because it was barred by the applicable statute of limitations. Singer failed to give notice to the other Fruehauf shareholders that his action had been dismissed. Nor did Singer appeal the dismissal.

In April 1976, Nathan was apprised of the pendency of *Singer.* On May 7, 1976, two days after Singer's action was dismissed, Nathan filed this action in the Southern District of New York which alleged that Rowan and Grace breached their fiduciary duties and violated Sections 10 and 14 of the Securities Exchange Act of 1934.[3] The case was removed to the Eastern District of Michigan. On June 19, 1978, the district court held that Nathan's action was barred by the *res judicata* effect of *Singer.* Therefore, the court granted the defendants' motion for summary judgment and dismissed Nathan's claims accruing prior to the spring of 1973.

## II.

The sole question in this appeal is whether the doctrine of *res judicata* bars Nathan from relitigating matters already decided in a prior shareholder's derivative action against the same corporation and its directors.

1. On March 30, 1971, Fruehauf's 1970 Annual Report was mailed to shareholders. In a footnote to the financial statements, the Annual Report disclosed the indictments of Fruehauf, Grace and Rowan:

    The Internal Revenue Service is in substantial disagreement with the Corporation's method of computing excise taxes. In the opinion of management, based upon advice of special tax counsel, any liability that may result from such disagreement will not have a material effect on the financial statements. On November 9, 1970, the Corporation and two of its officers were indicted for allegedly conspiring to evade payment of $12,344,587 in excise taxes during the period from October 1, 1956 to December 31, 1965. Fruehauf and the two officers have denied the allegations and in the opinion of special counsel, the charges in the indictment cannot be sustained.

2. *United States v. Fruehauf, et al.,* 577 F.2d 1038 (6th Cir.) *cert. denied* 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978).

3. 15 U.S.C. §§ 78j, 78n.

Under the judicially-created doctrine of *res judicata*, when a court of competent jurisdiction enters a final judgment on the merits in an action, the parties and their privies are barred from relitigating in a subsequent action matters that were actually raised or might have been raised in the prior action. *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877); *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Lawlor v. National Screen Service*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *See also, Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). *Res judicata* is applied if it does not offend public policy or result in manifest injustice. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *United States v. LaFatch*, 565 F.2d 81 (6th Cir. 1977). We hold that Nathan's claims against Fruehauf, Rowan and Grace were barred by the *res judicata* effect of *Singer*.

A. Judgment on the Merits/Parties in Privity/Issues Determined.

Nathan's first contention is that a dismissal based upon the statute of limitations is not a decision on the merits. We disagree. A summary judgment on the basis of the defense of the statute of limitations is a judgment on the merits. Summary dismissal on this basis requires that no genuine issue of material fact exists as to whether the suit was commenced in a timely fashion and whether the plaintiff knew or had reason to know of the facts giving rise to his cause of action. *Sperry v. Barggren*, 523 F.2d 708 (7th Cir. 1975); *Godbold v. Federal Crop. Ins. Corp.*, 365 F.Supp. 836 (D.Miss.1973).

The district court's summary dismissal of *Singer* on statute of limitations grounds was a decision on the merits. In *Singer*, the facts were uncontradicted. The defendants were indicted and convicted. The indictments were disclosed in the 1970 Annual Report. Consequently, Singer had reason to know the facts underlying his complaint as of the dissemination date of the Annual Report. Therefore, there is no issue of material fact concerning the timeliness of Singer's action.

Furthermore, in shareholder derivative actions arising under Fed.R.Civ.P. 23.1, parties and their privies include the corporation and all nonparty shareholders. *Dana v. Morgan*, 232 F.2d 85, 89 (2d Cir. 1916); *Stella v. Kaiser*, 218 F.2d 64 (2d Cir. 1954); *Ratner v. Paramount Pictures, Inc.*, 6 F.R.D. 618 (S.D.N.Y.1942). Though Nathan was not a party to the *Singer* action, nonparty shareholders are bound by judgments if their interests were adequately represented.

The district court necessarily determined all the relevant issues in *Singer*. The district court construed Singer's complaint to allege a cause of action under former Michigan Statutes Annotated § 21.47 [M.C.L.A. § 450.47].[4] This section permitted a shareholder, on behalf of the corporation, to sue

---

4. Michigan Statutes Annotated, § 21.47 [M.C.L.A. § 450.47] stated:

DIRECTORS: AS FIDUCIARIES AND TRUSTEES. The directors of every corporation, and each of them, in the management of the business, affairs, and property of the corporation, and in the selection, supervision and control of its committees and of the officers and agents of the corporation, shall give the attention and exercise the vigilance, diligence, care and skill, that prudent men use in like or similar circumstances.

Action may be brought by the corporation, through or by a director, officer, or shareholder, or a creditor, or receiver or trustee in bankruptcy, or by the attorney general of the state on behalf of the corporation against 1 or more of the delinquent directors, officers, or agents, for the violation of, or failure to perform, the duties above described or any duties prescribed by this act, whereby the corporation has been or will be injured or damaged, or its property lost, or wasted, or transferred to 1 or more of them, or to enjoin a proposed, or set aside a completed, unlawful transfer of the corporate property to one knowing the purpose thereof. The foregoing shall in no way preclude or affect any action any individual shareholder or creditor or other person may have against any director, officer, or agent for any violation of any duty owed by them or any of them to such shareholder, creditor, or other person. No director or directors shall be held liable for any delinquency under this section after 6 years from the date of such delinquency, or after 2 years from the time when such delinquency is discovered by one complaining thereof. Whichever shall sooner occur.

a director or officer for breach of his fiduciary duties to the corporation when the corporation "has been or will be injured or damaged" as a result of the director's or officer's delinquency. The section provided a limitations period of six years from the occurrence of the breach or two years from its discovery by the plaintiff, whichever occurs sooner. Under Section 27A.5827 [M.C.L.A. § 600.5827][5] the limitations period commences when the action accrues and the action accrues "at the time the wrong upon which the claim is based was done regardless of the time when the damage results."[6]

In *Singer*, the district court held that under Section 21.47 [M.C.L.A. § 450.47], the limitations period expired by late March or early April 1973 (two years from the mailing of the 1970 Annual Report to Fruehauf shareholders). In any event, the court concluded that any shareholder derivative action against defendants Rowan and Grace was barred in 1971 (six years after the occurrence of the misconduct) or in 1973 (two years after its discovery). *Detroit Gray Iron & Steel Foundries, Inc. v. Martin*, 362 Mich. 205, 106 N.W.2d 793 (1961).[7] Because the statute of limitations issue was actually and necessarily decided in *Singer*, Nathan may not relitigate it.

### B. Adequacy of Representation.

To circumscribe the effect of *res judicata*, Nathan vigorously argues that Singer failed to adequately represent the shareholders' interests in his prior derivative action. Nathan contends that (1) Singer neglected to initiate discovery procedures and (2) Singer failed to seek leave to amend his complaint to include federal securities fraud claims against Fruehauf, failed to notify Fruehauf shareholders of the motion to dismiss Singer's complaint on statute of limitations grounds, and failed to appeal the dismissal of his complaint.

■ It is well settled that the constitutional requirements of due process and full faith and credit mandate that absent class members are not bound by a judgment in a class action unless the class representative provided adequate and fair representation. *Hansberry v. Lee, supra*, 311 U.S. at 42–43, 61 S.Ct. at 118–119; *Nat'l. Assn. of Regional Medical Programs v. Matthews*, 551 F.2d 340, 345 (D.C. Cir. 1976); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 256–57 (3rd Cir. 1975); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973); *Susman v. Lincoln American Corp.*, 561 F.2d 86, 89–90 (7th Cir. 1977); *EEOC v. General Tel. Co. of Northwest*, 599 F.2d 322, 333–34 (9th Cir. 1979).

In the instant case, the district court properly found that Singer "vigorously and very competently" represented the Fruehauf shareholders. The court reached this

---

**5.** Michigan Statutes Annotated, § 27A.5827 [M.C.L.A. § 600.5827] provides:

*Period of limitations runs from time claim accrues.* Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

**6.** Nathan argues that federal law is determinative of the date of accrual of his cause of action. This proposition is correct only when the action arises under the laws and regulations of the United States. *Janigan v. Taylor*, 344 F.2d 781 (1st Cir.) *cert. denied*, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965) (federal securities fraud case arising under Section 10 of the Securities Exchange Act of 1934). Like *Singer*, Nathan's claims sound in breach of fiduciary duty in violation of state law. In such

an action, the application of federal accrual or tolling principles would affect the outcome of the controversy. The Supreme Court proscribed that result in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and its progeny.

**7.** In *Detroit Gray Iron*, the Michigan Supreme Court held:

a corporation defrauded or otherwise injured by a director, who owes fiduciary duties to his corporate victim, must sue within two years of its discovery of the wrong or within six years of its occurrence, whichever sooner occurs, or forever bear the loss. *Id.* at 217–18, 106 N.W.2d at 800.

Though we have expressed our disaffection for this result in the past, *Nolen v. Shaw-Walker Co.*, 449 F.2d 506, 510 n. 7 (6th Cir. 1971), it is a correct statement of Michigan law and we are bound by it.

conclusion after it examined the pleadings, briefs, arguments of counsel and files in the action. This finding is not clearly erroneous. Nathan's argument that Singer failed to initiate discovery procedures has no merit. Singer's failure to seek leave to amend his complaint to allege federal securities fraud claims against Fruehauf is not a basis for inadequate representation in this case. Neither Singer nor Nathan made out a cause of action under Section 10(b) of the Securities Exchange Act of 1934, or the rules promulgated thereto, because neither Singer nor Nathan satisfied the "purchase or sale" requirement of Section 10b.[8] *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Santa Fe Industries v. Green,* 430 U.S. 462, 478, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977).

Singer's failure to notify the Fruehauf shareholders of the dismissal of his complaint does not constitute inadequate representation. Nathan admits that he had notice of the pendency of *Singer.* Moreover, in derivative actions nonparty shareholders are not entitled to notice of dismissal following a hearing on the merits. *Papilsky v. Berndt,* 466 F.2d 251 (2d Cir.) *cert. denied* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972). Singer's failure to appeal the judgment of dismissal is not indicative of inadequate representation. Without passing on the merits of such an appeal, it is evident that the application of the proper Michigan statute of limitations and accrual statute precluded Singer's cause of action. Our research discloses no decisions to the contrary.

### C. Public Policy Considerations.

Finally, Nathan argues that several representations made to him by Fruehauf's counsel caused him to defer the commencement of his action, and therefore, the application of *res judicata* principles contravenes public policy. We disagree.

The representations did not affect the disposition of this case because the statute of limitations expired before the representations were made. In *Detroit Gray Iron & Steel Foundries, Inc. v. Martin, supra,* former M.S.A. § 21.47 [M.C.L.A. § 450.47] was strictly construed to bar a similar suit. We are bound by the construction of the state statute.

Accordingly, the judgment of the district court is AFFIRMED.

---

8. However, even if Nathan satisfied the "purchase or sale" requirement, he is barred from raising the federal securities fraud claims. The district court properly found that these claims could have been and should have been raised in the *Singer* case. Moreover, the court found that these securities fraud claims were efforts by Nathan to distinguish his complaint from Singer's complaint so that he would not be bound by *Singer.* Nevertheless, the doctrine of *res judicata* necessarily applies to all matters, including new or different legal theories against the same parties, that "might have been offered" in the prior action. *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1877); *Lawlor v. National Screen Service Corp.,* 349 U.S. at 326, 75 S.Ct. at 867; *Tutt v. Doby,* 459 F.2d 1195 (D.C. Cir. 1972). Additionally, Nathan's section 14 allegations are barred by the *res judicata* effect of *Singer.* These claims properly come within the "might have been offered" aspect of *res judicata.*