**Shirley NOLAND, Appellant,**

v.

**Thomas E. FREEMAN, M.D. and Lakes Medical Center, P.A., Respondents.**

**No. C5–83–929.**

Supreme Court of Minnesota.

Feb. 24, 1984.

William P. Scott, Pipestone, Steven Jorgensen, Sioux Falls, S.D., for appellant.

Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for respondents.

TODD, Justice.

Shirley Noland brought a malpractice action against Dr. Thomas E. Freeman and the Lakes Medical Center. She alleged that Dr. Freeman had been negligent in the performance of gastric by-pass surgery on September 19, 1979 and that the post operative treatment failed to disclose further complications. In May of 1980 she was referred to the University of Minnesota hospital where additional surgery and treatment corrected the problem.

The summons and complaint was served on March 12, 1982. The records of the clinic disclose that Shirley Noland received treatment there on April 4, 1980 for "a follow-up office call." The parties are in disagreement as to the purpose of this office visit. The trial court dismissed the action on the grounds the statute of limitations had expired. We reverse.

In *Grondahl v. Bulluck,* 318 N.W.2d 240 (Minn.1982), this court recently restated the law on when the medical malpractice statute of limitations begins to run:

> An action for medical malpractice is barred if not commenced within 2 years of the date on which the cause of action accrued. Minn.Stat. §§ 541.01, 541.07(1) (1980). The cause of action accrues when the physician's treatment for the particular condition ceases. *Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.,* 291 Minn. 145, 190 N.W.2d 77 (1971); *Schmit v. Esser,* 183 Minn. 354, 236 N.W. 622 (1931). Where

there are disputed questions of material fact as to whether a plaintiff is barred by the statute of limitations, these questions are to be decided by a jury. *Schmit v. Esser,* 183 Minn. at 357, 236 N.W. at 624; *see Sheets v. Burman,* 322 F.2d 277, 278 (5th Cir.1963).

*Id.* at 242–43.

In *Grondahl,* this court also articulated three factors to be considered in determining when treatment ceases:

> (1) whether there is a relationship between physician and patient with regard to the illness; (2) whether the physician is attending and examining the patient; and (3) whether there is something more to be done.

*Id.* at 243 (footnote omitted).

As in *Grondahl,* plaintiff in the instant case raises a genuine issue of material fact regarding when Dr. Freeman's treatment of plaintiff ceased, the issue should be decided by the jury. Of course, if after all the evidence is in plaintiff fails to substantiate her claim that Dr. Freeman's treatment of her did not cease before March 12, 1980, a directed verdict might be proper. *Cf. Grondahl,* 318 N.W.2d at 244. But at the summary judgment stage of the proceedings, the evidence plaintiff has marshaled so far, albeit slight, is sufficient to raise a genuine issue of material fact to allow her to proceed.

Reversed.