815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bob C. WARREN, Plaintiff-Appellant,
v.
WYOMING MICHIGAN POLICE DEPARTMENT, Grand Rapids Michigan
Police Department, Kent County Circuit Court, Michigan State
Department of Corrections, Federal Bureau of Investigations,
United States Army, Michigan State Police, Defendants-Appellees,
Walker Michigan Police Department, Defendant.
 No. 86-1783.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 O R D E R
 
 1
 This matter is before the Court for consideration of appellant's motions for a preliminary decision and for summary reversal of the district court's order which dismissed appellant's civil action as being barred by the doctrine of res judicata.
 
 
 2
 The district court properly dismissed this action as being barred by res judicata. The record establishes that appellant filed a complaint in the district court in 1977. He sought expungement of his criminal record; he has been convicted of one felony and four misdemeanors. The 1977 complaint named 13 defendants and alleged that he was deprived of entry into the U.S. Army because of his prior convictions and denied entry into a state college because of his criminal records. Appellant also attacked the validity of the convictions. The district court determined that appellant did not have a constitutional right to expungement of his criminal convictions, that the U.S. Army could properly refuse to enlist appellant on the basis of his criminal convictions and that because he did not identify the state college which allegedly denied him entrance, the court need not determine whether appellant's right to admission was improperly denied. Appellant prosecuted an appeal to this Court and by opinion dated April 12, 1983, this Court affirmed the judgment of the district court.
 
 
 3
 On September 27, 1984, appellant filed a complaint in the district court in which he names seven of the 13 defendants that were named in the 1977 complaint. Once again, appellant alleged that the appellees have deprived him of his right to education (high school and a federal training) and his right to enlist in the U.S. Army, and that such deprivations are the result of appellees' refusal to expunge his criminal records. He also alleged that he has been denied employment because he has a criminal record.
 
 
 4
 The district court held a hearing on the motions to dismiss filed by the appellees. At that hearing, appellant admitted that the 1984 complaint is the same as the 1977 complaint. The district court explained the doctrine of res judicata to appellant and appellant then argued that res judicata is inapplicable because the plaintiff was inadequately represented in the first action. Appellant proceeded pro se in the first action and was afforded an opportunity to present his claims.
 
 
 5
 Because the 1977 claim concerning the Army's refusal to enlist him was considered on the merits, appellant is barred from relitigating that claim now. Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir.1978); Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468 (11th Cir.1986).
 
 
 6
 Although appellant admitted that the 1977 complaint and the 1984 complaint are the same, it does not appear that they are identical. The 1984 complaint alleges that he is being denied employment because the appellees are maintaining records of his criminal activity. The district court order disposing of the 1977 complaint does not address the denial of employment issue and it is concluded that that claim was not advanced in the 1977 complaint. However, he is precluded from litigating between these parties the claims which were or could have been litigated in his prior action. See Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters, 700 F.2d 1067 (6th Cir.), cert. denied, 464 U.S. 819 (1983); Nathan v. Rowan, 651 F.2d 1223 (6th Cir.1981).
 
 
 7
 Finally, appellant's claim that he has been denied an education can be easily disposed of because he does not name which educational institution so deprived him. Appellant fails to establish how the appellee's maintenance of his criminal records caused the unidentified school to deny him admission.
 
 
 8
 For the foregoing reasons, the motions for a preliminary decision and for summary judgment are denied and the final order of the district court is affirmed pursuant to Rule 9(b)(4), Rules of the Sixth Circuit.